E-FILED
Thursday, 06 February, 2020  09:13:22 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | | |
|---|---|---|
| XINGJIAN SUN, | ) | |
| XING ZHAO, and | ) | Case No.:  2:19-cv-02242-CSB-EIL |
| AO WANG, | ) | |
| | ) | |
| Plaintiffs/Counter-Defendants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GARY GANG XU, | ) | |
| | ) | |
| Defendant/Counter-Plaintiff. | ) | |
| | ) | |

**<u>MEMORANDUM OF LAW IN SUPPORT OF COUNTER-DEFENDANTS' MOTION TO
DISMISS COUNTER-PLAINTIFF'S COUNTERCLAIMS PURSUANT TO FEDERAL
RULE OF CIVIL PROCEDURE 12(b)(6)</u>**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................ ii

INTRODUCTION ............................................................................ 1

STANDARD OF REVIEW ................................................................ 1

ARGUMENT .................................................................................. 2

I.    XU'S DEFAMATION CLAIM AGAINST SUN, AND BY EXTENSION HIS IIED CLAIM AGAINST HER, IS BARRED BY THE FAIR REPORT PRIVILEGE ....................... 2

    A.    Sun's Allegedly Defamatory Statements Are Protected by the Fair Report Privilege, Requiring the Dismissal of the Defamation Claim Against Her ............................................. 2

    B.    As the IIED Claim Against Sun Is Based Solely on Her Protected Speech, It Must Also Be Dismissed ................................................................ 5

II.    XU'S IIED CLAIM AGAINST ZHAO CANNOT STAND AS XU ONLY SPECULATES THAT ZHAO MADE THE STATEMENTS UNDERLYING THE CLAIM ..... 6

III.    XU FAILS TO ADEQUATELY PLEAD EACH ELEMENT OF THE IIED CLAIMS AGAINST ALL COUNTER-DEFENDANTS ............................................... 7

    A.    Element 1: Xu Has Not Adequately Pled That He Suffered Emotional Distress "So Severe That No Reasonable Man Could Be Expected to Endure It" ................................... 8

    B.    Element 2: Xu Has Only Made Conclusory Allegations that the Statements Made Were Intended to Inflict Severe Emotional Distress ................................................ 13

    C.    Element 3: Xu Has Not Adequately Pled That He Suffered Emotional Distress "So Severe That No Reasonable Man Could Be Expected to Endure It" ................................... 14

CONCLUSION ............................................................................... 16

i

## **TABLE OF AUTHORITIES**

**CASES**

*Abellan v. HRDS Le Roy IL, LLC*, No. 16-1037, 2018 U.S. Dist. LEXIS 202111, 2018 WL 6247260 (C.D. Ill. Nov. 29, 2018) ........................................................................... 1

*Andersen v. Vill. of Glenview*, No. 17-CV-05761, 2018 U.S. Dist. LEXIS 201642, 2018 WL 6192171 (N.D. Ill. Nov. 28, 2018) ...................................................................... 11

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................... 2, 14, 15

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007) ......................... 2

*Bogie v. Rosenberg*, 705 F.3d 603 (7th Cir. 2013) ................................................... 15

*Brackett v. Galesburg Clinic Ass'n*, 293 Ill. App. 3d 867, 689 N.E.2d 406 (1997) ............ 13

*Chang Hyun Moon v. Kang Jun Liu*, 2015 IL App. (1st) 143606 ................................... 3

*Cook v. Winfrey*, 141 F.3d 322 (7th Cir. 1998) .................................................... 8, 11

*Cote v. Hopp*, No. 09-1060, 2010 U.S. Dist. LEXIS 31930, 2010 WL 1416851 (C.D. Ill. Apr. 1, 2010) ............................................................................................... 13-14

*Doe v. Calumet City*, 161 Ill. 2d 374, 641 N.E.2d 498 (Ill. 1994) ................................. 8

*Doermer v. Callen*, 847 F.3d 522 (7th Cir. 2017) .................................................... 1

*E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773 (7th Cir. 2007) ........................ 2

*Fields v. Jackson*, No. 16 C 1961, 2017 U.S. Dist. LEXIS 152147, 2017 WL 4150682 (N.D. Ill. Sept. 19, 2017) ....................................................................................... 11-12

*Flentye v. Kathrein*, 485 F. Supp. 2d 903 (N.D. Ill. 2007) .......................................... 12

*Fricano v. Chi. White Sox*, 2012 IL App. (1st) 101978-U .......................................... 15

*Goldstein v. Kinney Shoe Corp.*, 931 F. Supp. 595 (N.D. Ill. 1996) ............................... 12

*Harrison v. Chi. Sun-Times, Inc.*, 341 Ill. App. 3d 555, 793 N.E.2d 760 (2003) ............... 4-5

*Hoffman v. Hoffman*, 2011 IL App (2d) 101005-U ............................................... 12-13

*Huon v. Beatty*, No. 1-09-2234, 2011 Ill. App. Unpub. LEXIS 247 (Mar. 25, 2011) ............ 6

*Huon v. Denton*, 841 F.3d 733 (7th Cir. 2016) ...................................................... 5

*Imperial Apparel, Ltd. v. Cosmo's Designer Direct, Inc.*, 227 Ill. 2d 381, 882 N.E.2d 1011 (2008) .................................................................................................................................... 6

*In re marchFIRST Inc.*, 589 F.3d 901 (7th Cir. 2009) ..................................................... 7

*Intercon Solutions, Inc. v. Basel Action Network,* 969 F. Supp. 2d 1026 (N.D. Ill. 2013) ............ 2

*Jacobson v. CBS Broad., Inc.*, 2014 IL App. (1st) 132480 ......................................... 5-6

*Kolegas v. Heftel Broadcasting Corp.*, 154 Ill. 2d 1, 607 N.E.2d 201 (1992).............................. 9

*Lawrence v. E. Cent. Ill. Area Agency on Aging*, 2011 U.S. Dist. LEXIS 29963, 2011 WL 1100506 (C.D. Ill. Feb. 22, 2011) ...................................................................................... 14

*Layne v. Builders Plumbing Supply Co.,* 210 Ill. App. 3d 966, 569 N.E.2d 1104 (1991)............ 12

*Lynch v. Trump*, No. 18-cv-02206, 2019 U.S. Dist. LEXIS 162906, 2019 WL 4643987 (C.D. Ill. Sept. 24, 2019) ........................................................................................................................ 2

*Madison v. Frazier*, 539 F.3d 646 (7th Cir. 2008).......................................................... 6

*McCaskill v. Barr*, 92 Ill. App.3d 157, 414 N.E.2d 1327 (1980) ................................... 14

*McDowell v. J.B. Hunt Transp., Inc.*, No. 03 C 6590, 2004 U.S. Dist. LEXIS 19363 (N.D. Ill. Sept. 28, 2004) ...................................................................................................................... 11

*McGrath v. Fahey*, 126 Ill.2d 78, 533 N.E.2d 806 (1988)........................................ 9, 10

*Milazzo v. Connolly,* 2017 IL App (1st) 162418-U (2017)........................................... 14

*Missner v. Clifford*, 393 Ill. App. 3d 751, 761 N.E.2d 540 (2009)................................ 3

*Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918 (7th Cir. 2003) ............................. 3, 10

*O'Donnell v. Field Enters.*, 145 Ill. App. 3d 1032, 491 N.E.2d 1212 (1986) ............................ 4

*Pavlik v. Kornhaber*, 326 Ill. App. 3d 731, 761 N.E.2d 175 (2001).............................. 10

*Public Finance Corp. v. Davis*, 66 Ill. 2d 85, 360 N.E.2d 765 (1976) .......................... 8, 13, 14

*Schweihs v. Chase Home Fin., LLC*, 412 Ill. Dec. 882, 77 N.E.3d 50 (2016)..................... 8-9, 10

*Seitz-Partridge v. Loyola Univ. of Chicago*, 2013 IL App. (1st) 113409................................. 2-3

*Sevugan v. Direct Energy Servs., LLC,* 931 F.3d 610 (7th Cir. 2019)........................... 7

*Socorro v. IMI Data Search, Inc.,* No. 02 C 8120, 2003 U.S. Dist. LEXIS 7400, 2017 WL 4150682 (N.D. Ill. Apr. 28, 2003) ........................................................................................ 12

iii

*Solaia Tech., LLC v. Specialty Publ. Co.*, 221 Ill. 2d 558, 852 N.E.2d 825 (2006) ................... 3, 4

*Stoller v. Johnson*, 2014 IL App. (1st) 131250-U......................................................... 2-3, 3, 4, 5, 6

*Welsh v. Commonwealth Edison Co.*, 306 Ill. App. 3d 148, 713 N.E.2d 679 (1999)............. 14, 15

**STATUTES**

735 ILCS 5/13-201 ......................................................................................................... 3, 10

**OTHER AUTHORITIES**

Restatement (Second) of Torts § 611 (1977)........................................................... 3-4, 9

1.      Counter-Defendants Xinjian Sun, Xing Zhao, and Ao Wang (collectively "Counter-Defendants"), by and through their undersigned attorneys, submit their Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and in support thereof state as follows:

## INTRODUCTION

2.      Counter-Defendants filed this lawsuit on September 10, 2019 (the "Complaint"), against Counter-Plaintiff Gary Xu.  Service was effectuated upon Xu by alternative means on December 11, 2019, and Xu answered the Complaint, through his attorney, on January 21, 2020.

3.      In addition to answering the Complaint, Xu asserted several counterclaims (the "Counterclaims") against Counter-Defendants on the grounds of defamation and intentional infliction of emotional distress (IIED).

4.      Xu's Counterclaims fail to state a claim for which relief may be granted.  His claims for defamation and IIED against Sun are based on statements that are subject to the privilege that applies to fair reports of judicial proceedings.  As to his IIED claims, Xu fails to adequately allege each element of the claim.  Accordingly, the Counterclaims must be dismissed.

## STANDARD OF REVIEW

5.      As a general rule, federal courts sitting in diversity apply state substantive law and federal procedural law.  *Doermer v. Callen*, 847 F.3d 522, 529 (7th Cir. 2017); *Abellan v. HRDS Le Roy IL, LLC*, No. 16-1037, 2018 U.S. Dist. LEXIS 202111, 2018 WL 6247260, at *20 n.17 (C.D. Ill. Nov. 29, 2018).  As Xu claims federal jurisdiction based on diversity, Illinois substantive law and federal procedural law applies.  *See* Counterclaims, para. 1.

1

6.      "The legal standard for a motion to dismiss a counterclaim is the same as the standard applied to a motion to dismiss a complaint" under Rule 12(b)(6).  *Intercon Solutions, Inc. v. Basel Action Network,* 969 F. Supp. 2d 1026, 1067 (N.D. Ill. 2013).  Under this standard, the movant must allege facts that, if true, "'plausibly give rise to an entitlement to relief.'"  *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

7.      In order to show entitlement to relief, two hurdles must be met.  First, the complaint must describe the claim in sufficient detail to give the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'"  *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007)).  Second, the allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court."  *Id.* (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1973 n.14), *See also Lynch v. Trump*, No. 18-cv-02206, 2019 U.S. Dist. LEXIS 162906, 2019 WL 4643987, at *3 (C.D. Ill. Sept. 24, 2019) (applying *Twombly* standard to motion to dismiss).

8.      Here, because Xu has not plausibly alleged that he has a right to relief, his counterclaims must be dismissed.

## **ARGUMENT**

## I.    **XU'S DEFAMATION CLAIM AGAINST SUN, AND BY EXTENSION HIS IIED CLAIM AGAINST HER, IS BARRED BY THE FAIR REPORT PRIVILEGE**

### A.    Sun's Allegedly Defamatory Statements Are Protected by the Fair Report Privilege, Requiring the Dismissal of the Defamation Claim Against Her

9.      "To prove defamation *per se*, a plaintiff is required to show: (1) that the defendant made a false statement concerning the plaintiff; (2) that there was an unprivileged publication of the defamatory statement to a third party by the defendant; and (3) that the plaintiff was

2

damaged." *Stoller v. Johnson*, 2014 IL App. (1st) 131250-U, ¶ 27 (citing *Seitz-Partridge v. Loyola Univ. of Chicago*, 2013 IL App. (1st) 113409, ¶ 21, 987 N.E.2d 34, 43).  Damages are presumed in a defamation *per se* action.  *Chang Hyun Moon v. Kang Jun Liu*, 2015 IL App. (1st) 143606, ¶ 14.

10.     Here, even assuming the statements set forth in the Counterclaims are true, Xu has failed to meet the second prong of this test, as the allegedly defamatory statements were privileged.

11.     Sun's allegedly defamatory statements arose during her participation in a CBS Morning News segment that was published on September 16, 2019.  Any other statements alleged in the Counterclaims are time-barred by the action's one-year statute of limitations.  735 ILCS 5/13-201; *Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 923 (7th Cir. 2003) ("Illinois imposes a one-year statute of limitations on all defamation actions that begins to run when the defamatory statement was published.").

12.     The fair report privilege attaches to statements made by any individual – not just a member of the media – if two requirements are met: "(1) the report must be of an official proceeding; and (2) the report must be complete and accurate or a fair abridgment of the official proceeding."  *Solaia Tech., LLC v. Specialty Publ. Co.*, 221 Ill. 2d 558, 588, 852 N.E.2d 825, 843 (2006).  *See also Missner v. Clifford*, 393 Ill. App. 3d 751, 761, 914 N.E.2d 540, 550 (2009) ("Both media and nonmedia reports may claim protection under the privilege."); *Stoller*, 2014 IL App. (1st) 131250-U, ¶ 33 ("[T]he availability of the privilege does not depend on the status of the reporter; rather, it is conditioned upon the fairness and accuracy of the report.") (citing Restatement (Second) of Torts § 611, cmt. c (1977) (stating that the privilege "extends to any

person who makes an oral, written or printed report to pass on the information that is available to the general public")).

13.     As to the first prong, judicial proceedings are considered "official proceedings" for purposes of the fair report privilege.  This is true even when no official court action has yet been taken in the matter.  *See Solaia Tech.*, 221 Ill. 2d at 589, 852 N.E.2d at 844 (holding that "there is no judicial-action limitation on the fair report privilege in Illinois").  "Thus, the fair report privilege applies to defamatory reports of judicial proceedings from the time a complaint is filed, provided the second prong of the fair report privilege test is satisfied."  *Stoller*, 2014 IL App. (1st) 131250-U, ¶ 33.

14.     Here, Sun's statements to CBS Morning News were published on September 16, 2019 — six days after the filing of the Complaint.  *See* Counterclaims, para. 7.  Her statements thus meet the first prong of the fair report privilege.

15.     As to the second prong, a report is considered a "fair abridgment of the official proceeding" when "the sting of the defamatory statement in the proceeding is the same as the sting of the defamatory statement in the report."  *Solaia Tech.*, 221 Ill. 2d at 590, 852 N.E.2d at 845; *Stoller*, 2014 IL App. (1st) 131250-U, ¶ 39.  If the abridgment conveys "a substantially correct account" of the proceedings to consumers, it is considered "fair."  *Solaia Tech.*, 221 Ill. 2d at 590, 852 N.E.2d at 845.  Thus, an abridgment is typically considered unfair only if it "significantly change[s] the defamation appearing in the governmental or public proceeding."  *O'Donnell v. Field Enters.*, 145 Ill. App. 3d 1032, 1039, 491 N.E.2d 1212, 1217 (1986).  *See also Harrison v. Chi. Sun-Times, Inc.*, 341 Ill. App. 3d 555, 572, 793 N.E.2d 760, 773 (2003) (stating that a determination of the application of the privilege "is made by comparing the gist or

4

sting of the alleged defamation in the official report or proceedings with the gist or sting in the news account").

16.     Here, the allegedly defamatory statements are consistent with and duplicative of the allegations in the Complaint.  Sun's statements that Xu describes as defamatory are that: "Xu beat her and raped her countless times and that Xu tried to kill her by running her down with his car."  Counterclaims, para. 7.  However, these allegations are made numerous times throughout the Complaint, and in greater detail than that alleged by Xu in his defamation claim.  *See, e.g.,* Complaint paras. 2, 4, 5, 6, 44, 47, 59, 71, 74, 84, 85, 89, 94, 95, 98 and Counts I, III, IV, V, VI, and VIII.  As Sun's allegedly defamatory statements, if anything, carried less sting than the Complaint, they are protected under the fair report privilege.

17.     Because Sun's statements on CBS Morning News were protected by the fair report privilege, Xu cannot meet the second requirement of a defamation cause of action, that there be an "unprivileged publication of the defamatory statement to a third party by the defendant."  *Stoller*, 2014 IL App. (1st) 131250-U, ¶ 27.  Therefore, the cause of action must be dismissed.

B.  <u>As the IIED Claim Against Sun Is Based Solely on Her Protected Speech, It Must Also Be Dismissed</u>

18.     In addition, the IIED claim against Sun is based solely on Sun's protected speech. *See* Counterclaims, Count I, para. 2 ("Sun engaged in extreme and outrageous conduct toward Xu with her statements during the interview with CBS Morning News.").  Because the IIED claim is inextricably intertwined with Sun's privileged speech, this claim, too, must fail.  *See, e.g., Huon v. Denton*, 841 F.3d 733, 745 (7th Cir. 2016) ("The district judge rejected [plaintiff's] false-light and intentional-infliction claims based solely on the dismissal of [his] defamation claims.  It appears that this tethering is consistent with Illinois law."); *Jacobson v. CBS Broad.,*

5

*Inc.*, 2014 IL App. (1st) 132480, ¶ 54 ("In light of the fact that plaintiff's actions for defamation, false light, and invasion of privacy have been rejected, those actions can no longer serve as a basis for her claims of intentional infliction of emotional distress . . . .  Instead, she must plead and prove the elements of those torts independently of any alleged defamatory conduct by [defendant] or any conduct amounting merely to an invasion of her privacy."); *Stoller*, 2014 IL App. (1st) 131250-U, ¶ 59 (stating that when IIED claims are derivative of dismissed defamation claim, the IIED claim, too, must fail); *Huon v. Beatty*, No. 1-09-2234, 2011 Ill. App. Unpub. LEXIS 247, at *2 (Mar. 25, 2011) ("[T]he statements made by the defendants are entitled to qualified privilege protection for defamation . . . .  Because the plaintiff asserts the same allegations from his defamation claims as the basis for his claims of IIED, the same allegations cannot constitute extreme and outrageous conduct.").  *See generally Madison v. Frazier*, 539 F.3d 646, 659 (7th Cir. 2008) (stating that when an "unsuccessful defamation *per se* claim is the basis of [a plaintiff's] false-light claim, his false-light invasion of privacy claim fails as well"); *Imperial Apparel, Ltd. v. Cosmo's Designer Direct, Inc.*, 227 Ill. 2d 381, 402, 882 N.E.2d 1011, 1024 (2008) ("[A] determination that language is not actionable under the first amendment not only is fatal to plaintiffs' defamation claims, it precludes them from obtaining recovery under any of the other common law and statutory claims they asserted in their complaint.").

19.     Because Xu's IIED claim against Sun is based on the same privileged statements underlying his defamation claim, the IIED claim, too, must fail.

## II.     XU'S IIED CLAIM AGAINST ZHAO CANNOT STAND AS XU ONLY SPECULATES THAT ZHAO MADE THE STATEMENTS UNDERLYING THE CLAIM

20.     The entire basis for Xu's IIED claim against Zhao is the statements made in a *Sixth Tone* article, which he states can be viewed online at https://www.sixthtone.com/news/

1001927/professor-accused-of-sexual-abuse-to-resign-says-university.  *See* Counterclaims, para 11; *id.* at Count III, para 2 ("Zhao engaged in extreme and outrageous conduct toward Xu with the statements she made during the interview.").

21.     This article does not mention Zhao, and does not attribute any of the quoted material to her.  Nor has Xu stated why he believes that Zhao is responsible for making these statements.

22.     While well-pled facts in a plaintiff's complaint are presumed to be true, "a plaintiff who seeks to survive a motion to dismiss must 'plead some facts that suggest a right to relief that is beyond the speculative level.'"  *Sevugan v. Direct Energy Servs., LLC,* 931 F.3d 610, 614 (7th Cir. 2019) (citing *In re marchFIRST Inc.*, 589 F.3d 901, 905 (7th Cir. 2009)).  Here, Xu has done no more than speculate that Zhao made the statements he claimed – an essential element of the claim.  This naked speculation is insufficient to survive a motion to dismiss.  *Id.*

23.     As Xu has not tied the statements that allegedly caused him emotional distress to Zhao, the claims against her must be dismissed.

### III.   XU FAILS TO ADEQUATELY PLEAD EACH ELEMENT OF THE IIED CLAIMS AGAINST ALL COUNTER-DEFENDANTS

24.     Even if Xu's IIED claims against Counter-Defendants are not dismissed because they are duplicative of impermissible defamation claims and speculative, they should still be dismissed because none of the statements amounts to the level of extreme and outrageous conduct necessary to survive a motion to dismiss.

25.     In order to state a claim for IIED, the plaintiff must allege: (1) that defendant's conduct was extreme and outrageous; (2) that defendant either intended to inflict severe

emotional distress or knew that there was a high likelihood his or her conduct would do so; and

3) that the defendant's conduct actually caused severe emotional distress. *Public Finance Corp.*

*v. Davis*, 66 Ill. 2d 85, 89-90, 360 N.E.2d 765, 767 (1976).

26.     Each of these elements is analyzed below.

A.   Element 1: Xu Has Not Adequately Pled That He Suffered Emotional Distress "So Severe That No Reasonable Man Could Be Expected to Endure It"

i.   *Counter-Defendants Do Not Meet Any of the Factors Courts Consider in Assessing Whether the Alleged Conduct is Extreme and Outrageous*

27.     The standard for extreme and outrageous conduct is high. "The liability clearly

does not extend to mere insults, indignities, threats, annoyances, petty oppressions or

trivialities." *Public Finance Corp.*, 66 Ill. 2d at 90, 360 N.E.2d at 767.  Rather, "liability [for

intentional infliction of emotional distress] has been found only where the conduct has been so

outrageous in character, and so extreme in degree, as to go beyond all possible bounds of human

decency." *Id.  See also Cook v. Winfrey*, 141 F.3d 322, 331 (7th Cir. 1998) (applying the *Public*

*Finance* standard and finding that conduct was not extreme and outrageous when collection

agency called individual up to several times a day, including multiple times while in the hospital;

informed individual's acquaintance that she was writing bad checks; and failed or refused to

leave individual's home).  Therefore, to serve as a basis for recovery, the defendant's conduct

must be such that "the recitation of the facts to an average member of the community would

arouse his resentment against the actor, and lead him to exclaim: Outrageous!" *Doe v. Calumet*

*City*, 161 Ill. 2d 374, 392-93, 641 N.E.2d 498, 507 (1994) (overruled in part on other grounds).

28.     In determining whether behavior is "outrageous," a court will consider the

following three factors: (1) whether the defendant holds some position of authority over the

plaintiff; (2) the reasonableness of a defendant's belief that his objective is legitimate; and (3) the

8

defendant's awareness that the plaintiff is particularly susceptible to emotional distress. *Schweihs v. Chase Home Fin., LLC*, 412 Ill. Dec. 882, 895, 77 N.E.3d 50, 63 (2016); *McGrath v. Fahey*, 126 Ill.2d 78, 86-87, 533 N.E.2d 806, 809 (1988).

29.     As to factor one, none of the conduct arose from "an abuse by the actor of a position, or a relation with the other, which gives him actual or apparent authority over the other, or power to affect his interests."  Restat. 2d of Torts, § 46, cmt. e (using, as examples of persons in a position of authority, "police officers, school authorities, landlords, and collecting creditors").  *See also Kolegas v. Heftel Broadcasting Corp.*, 154 Ill. 2d 1, 22, 607 N.E.2d 201, 212 (1992) (finding a cause of action existed for IIED where the defendant was a minister who was consulted as a marriage counselor, and undermined the marriage by having a relationship with the wife); *McGrath*, 126 Ill. 2d at 86-87, 533 N.E.2d at 809 (stating "[t]he more control which a defendant has over the plaintiff, the more likely that defendant's conduct will be deemed outrageous," and noting that IIED claims are particularly compelling where the actions and position of authority conspire to form the appearance of extortion or coercion).

30.     Here, two of the Counter-Defendants, Zhao and Sun, were former students of Xu and had no authority over him.  The third, Wang, had no authority over Xu either; they were contemporaries.  Accordingly, Counter-Defendants are outside this category of cases where IIED claims are particularly compelling.

31.     As to the second factor, the reasonableness of Counter-Defendants' belief that any statements made by them were accurate is underscored by Xu admitting or failing to deny several of the accusations which he now alleges to be extreme and outrageous.  *See, e.g.* Xu's Answer to Complaint, para. 6 (stating he "lacks knowledge or information sufficient to form a belief" that his "two-year abusive relationship" with Sun was over); *id.* at para. 77 ("The

9

Defendant admits the allegations that Sun 'posted two photographs of herself *taken after Xu's attack in Shanghai . . . .'*") (emphasis added).

32.    As to the third factor, Xu has not alleged that Counter-Defendants had any "awareness that the plaintiff is particularly susceptible to emotional distress." *Schweihs*, 412 Ill. Dec. at 895, 77 N.E.3d at 63; *McGrath,* 126 Ill.2d at 86, 533 N.E.2d at 809.

33.    In addition to these three factors, courts will also consider the pervasiveness of the conduct. *Pavlik v. Kornhaber*, 326 Ill. App. 3d 731, 746, 761 N.E.2d 175, 187 (2001) ("It may be the pattern, course, and accumulation of acts that make the conduct sufficiently extreme to be actionable, whereas one instance of such behavior may not be."). As to all Counter-Defendants, the allegedly extreme and outrageous behavior was discrete. For Sun and Zhao, the alleged conduct occurred at the publication of one interview; for Wang, the alleged conduct occurred within a one-week period in March 2018.

34.    As outlined above, Xu has failed to allege that Counter-Defendants meet any of the three factors Illinois courts look to when evaluating whether conduct is extreme and outrageous. As Xu has failed to adequately allege that Counter-Defendants' conduct was extreme and outrageous, the IIED claims should be dismissed.

> ii.    *IIED Claims Based Solely on Defamatory Statements Generally Cannot Survive a Motion to Dismiss*

35.    Xu has pled only one claim of defamation against Counter-Defendants (against Sun). Even though he contends Wang and Zhao made additional defamatory statements, those occurred in March 2018, before the cutoff imposed by the applicable one-year statute of limitations. *See* 735 ILCS 5/13-201; *Muzikowski*, 322 F.3d at 918. No matter whether before or after the statute of limitations cutoff, however, the only alleged conduct underlying Xu's IIED

10

claims is defamation.  *See* Counterclaims, Count III, para. 2 ("Zhao engaged in extreme and outrageous conduct toward Xu with the statements she made during the interview."); *id.*, Count IV, para. 7 ("Wang engaged in extreme and outrageous conduct toward Xu with his online statements and posts.").

36.     "Allegations of defamation, however, do not rise to the level of extreme and outrageous conduct" required to sustain an action for IIED.  *McDowell v. J.B. Hunt Transp., Inc.*, No. 03 C 6590, 2004 U.S. Dist. LEXIS 19363, at *19 (N.D. Ill. Sept. 28, 2004) (applying Illinois law and finding statements made by defendant employer that plaintiff employee was a drug user did not rise to the level of "extreme and outrageous").  *See also Cook*, 141 F.2d 322, 331-32 (stating "[a] number of Illinois courts have dismissed claims of intentional infliction of emotional distress based upon defamation, on the ground that the conduct was not 'extreme and outrageous,'" and finding plaintiff's IIED claim could not be maintained on allegations that defendant called plaintiff "'a liar' who was not to be trusted or believed, stated that he would be very sorry if he told his story to anyone else, and denied that she had any prior relationship with him"); *Andersen v. Vill. of Glenview*, No. 17-CV-05761, 2018 U.S. Dist. LEXIS 201642, 2018 WL 6192171, at *56 (N.D. Ill. Nov. 28, 2018) (applying Illinois law and finding statement that plaintiff was "mentally ill" was insufficient to support IIED claim); *Fields v. Jackson*, No. 16 C 1961, 2017 U.S. Dist. LEXIS 152147, 2017 WL 4150682, at *13 (N.D. Ill. Sept. 19, 2017) (applying Illinois law and finding defamatory statements that plaintiff had engaged in criminal behavior were insufficient to support an IIED claim, stating: "As the Seventh Circuit has recognized, Illinois courts have held that a plaintiff cannot prove a claim for intentional infliction of emotional distress based upon a defendant's defamatory statements, because such statements generally do not clear the high hurdle for extreme and outrageous conduct. . . .  In support of

11

their claim [for IIED, plaintiffs] rely entirely upon the same Internet posts and statements that

form the basis for their defamation claims.  Although these statements may have been offensive

or distressing . . . such defamatory statements are not so extreme and outrageous as to sustain a

claim for [IIED]"); *Socorro v. IMI Data Search, Inc.,* No. 02 C 8120, 2003 U.S. Dist. LEXIS

7400, 2017 WL 4150682, at *15 (N.D. Ill. Apr. 28, 2003) (applying Illinois law and finding

IIED claim could not be maintained when it was based on defamatory comments that employee

was a convict and lied on his job application stating that this behavior "though deplorable if

proven, does not rise to the level of 'outrageousness' required to sustain an IIED claim"); *Layne*

*v. Builders Plumbing Supply Co.,* 210 Ill. App. 3d 966, 973, 569 N.E.2d 1104, 1109 (1991)

(finding that defendant's statement to police that "plaintiff had harassed, assaulted and verbally

threatened a co-worker" was not sufficient to state IIED claim).

37.     Only in the most extreme instances can allegedly defamatory statements sustain

an IIED claim – and often some portion of the claim rests on actions beyond the defamatory

statements.  *See Flentye v. Kathrein*, 485 F. Supp. 2d 903, 921-22 (N.D. Ill. 2007) (finding claim

for IIED adequately pled to withstand a motion to dismiss where, in addition to making allegedly

defamatory statements, such as that plaintiff engaged in bestiality, defendants published a

photograph of plaintiff's family's cemetery marker with garbage at the base of it, among other

things); *Goldstein v. Kinney Shoe Corp.*, 931 F. Supp. 595, 599 (N.D. Ill. 1996) (finding

unsupported statements that plaintiff had sexually molested more than 30 underage girls, among

other statements, were sufficiently outrageous to survive a motion to dismiss).  *But see Hoffman*

*v. Hoffman*, 2011 IL App (2d) 101005-U, ¶ 18 (finding that allegedly false statement that

plaintiff had sexually abused his three-year-old son did not rise to the level of outrageousness

required to support an IIED claim where defendant had a legitimate objective in making the statement).

38.    For the reasons stated above, Counter-Defendants' statements about the way Xu treated them and others do not rise to the level of extreme and outrageous behavior required to sustain an IIED case. Further, because they are intertwined with stated or unstated defamation claims, the weight of authority additionally supports a finding that they are not extreme and outrageous.

B.    Element 2: Xu Has Only Made Conclusory Allegations that the Statements Made Were Intended to Inflict Severe Emotional Distress

39.    In addition to alleging that Counter-Defendants engaged in extreme and outrageous conduct, Xu must also allege either that Counter-Defendants intended to inflict severe emotional distress or knew that there was a high probability that their conduct would do so. *Public Finance Corp.*, 66 Ill. 2d at 90, 360 N.E.2d at 767.

40.    As to each Counter-Defendant, Xu makes the same blanket allegations that the Counter-Defendant "engaged in this behavior knowingly, with the clear intent of causing Xu to suffer great emotional distress." Count I, para 3; Count III, para 3; Count IV, para 8.

41.    Where a "plaintiff has failed to allege facts supporting [his] conclusory allegation that defendants intended to inflict severe emotional distress or that there existed a high probability that their conduct would cause severe emotional distress," the cause of action must be dismissed. *Brackett v. Galesburg Clinic Ass'n*, 293 Ill. App. 3d 867, 871, 689 N.E.2d 406, 409 (1997) (finding trial court properly dismissed IIED claims where only conclusory allegations of intent were made). *See also Cote v. Hopp*, No. 09-1060, 2010 U.S. Dist. LEXIS 31930, 2010 WL 1416851, at *10 (C.D. Ill. Apr. 1, 2010) ("[T]he conclusory and summary allegations that

13

[plaintiffs] suffered intentional infliction of emotional distress is fatally insufficient to sustain a claim under applicable law."); *Milazzo v. Connolly*, 2017 IL App (1st) 162418-U, ¶ 32 (2017) (finding that conclusory assertions of intent were insufficient to state a claim for IIED). *See also, generally, McCaskill v. Barr*, 92 Ill. App.3d 157, 159, 414 N.E.2d 1327, 1328 (1980) (stating that a complaint alleging the infliction of emotional distress must be "specific, and detailed beyond what is normally considered permissible in pleading a tort action").

42.    Xu's duplicative assertions of intent are conclusory and unsupported by the facts he has alleged.  Accordingly, he fails to adequately allege this element of an IIED claim against all Counter-Defendants.

C.    Element 3: Xu Has Not Adequately Pled That He Suffered Emotional Distress "So Severe That No Reasonable Man Could Be Expected to Endure It"

43.    Finally, the plaintiff in an IIED action must allege that defendant's conduct actually caused severe emotional distress. *Public Finance Corp.*, 66 Ill. 2d at 90, 360 N.E.2d at 767.  "Infliction of emotional distress alone is not sufficient to give rise to a cause of action." *Welsh v. Commonwealth Edison Co.*, 306 Ill. App. 3d 148, 155, 713 N.E.2d 679, 684 (1999). Rather, the plaintiff must, as a result of extreme and outrageous conduct, suffer "severe" distress. "The law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it." *Id.* citing *Public Finance*, 66 Ill. 2d at 90, 360 N.E.2d at 767.

44.    "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to establish a viable claim for IIED. *Lawrence v. E. Cent. Ill. Area Agency on Aging*, 2011 U.S. Dist. LEXIS 29963, 2011 WL 1100506, at *19-20 (C.D. Ill. Feb. 22, 2011) (citing *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1950) (finding plaintiff failed to adequate allege a claim for IIED under Illinois law where "no plausible inference" arose that she "suffered the kind of severe emotional distress required to make out this claim").  While

Xu did allege that he has suffered "anxiety attacks" and "has developed a heart condition that required invasive treatment," the accuracy of this statement is belied in his answer to the Complaint, in which he affirmatively states that he developed his heart condition in 2014, some four years prior to when the allegedly extreme and outrageous conduct occurred.  *See* Answer to Complaint, para. 71 (stating that he was taking blood thinners in July 2014 "as treatment for the heart condition he developed due to the stress of the actions of Sun").  *See also Iqbal*, 556 U.S at 679, 129 S. Ct. at 1950 (stating that a court may draw on its experience and common sense in determining whether a complaint states a plausible claim); *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013) ("In considering a motion to dismiss under Rule 12(b)(6), district courts are free to consider any facts set forth in the complaint that undermine the plaintiff's claim.") (internal citation omitted).

45.     This leaves only the claim that Xu suffered "anxiety attacks."  Claims that the plaintiff endured stress or anxiety, without requiring medical attention, generally do not rise to the level of distress required for an IIED claim.  *See Fricano v. Chi. White Sox*, 2012 IL App. (1st) 101978-U, ¶¶ 70-73 (collecting cases and finding anxiety and trouble sleeping were generally insufficient to allege severe emotional distress); *Welsh*, 306 Ill. App. 3d 148, 155, 713 N.E.2d 679, 684 (1999) (finding allegations of anxiety and humiliation insufficient to state a claim for IIED when there were no allegations that plaintiffs were hospitalized or required to seek medical care).

46.     Because Xu has not adequately pled that he suffered severe emotional distress as a result of Counter-Defendants' conduct, the IIED claims should be dismissed on these grounds as well.

## **CONCLUSION**

47.     Because none of Xu's Counterclaims state a claim upon which relief can be

granted, they should be dismissed in their entirety.


Dated: February 6, 2020

<div style="margin-left: 50%;">

Respectfully submitted,

BY:     s/ Dr. Ann Olivarius

Dr. Ann Olivarius
McALLISTER OLIVARIUS
200 Park Avenue, Suite 1700
New York, New York 10166
Telephone: (518) 682-6802
E-mail: aolivarius@mcolaw.com

Dr. J.F.O. McAllister
Alison Wilkinson
Lee Trevis
McALLISTER OLIVARIUS
200 Park Avenue, Suite 1700
New York, New York 10166
Telephone: (518) 682-6802
E-mails: jmcallister@mcolaw.com
awilkinson@mcolaw.com
ltrevis@mcolaw.com

Jonathan Little
ARDC # 6314350
Jessica Wegg
ARDC # 6301876
SAEED AND LITTLE, LLP
133 West Market Street, No. 189
Indianapolis, Indiana 46204
Telephone: (317) 721-9214
Emails: jon@sllawfirm.com
jessica@sllawfirm.com

*Counsel for Plaintiffs/Counter-Defendants*

</div>

16