# Exhibit D

People's Republic of China
Luohu District People's Court, Shenzhen, Guangdong
Civil Judgment
(2019) Guangdong 0303 No. 14464

Plaintiff: Xu Gary Gang, male, citizen of the United States of America, passport number: 505562983.
Litigation Attorney: Ji Jiana, lawyer of Guangdong Panxin Law Firm, license number: 14403201511057683.
Litigation Attorney: Sun Xiaolong, lawyer of Guangdong Panxin Law Firm, license number: 14403200910927851.
Defendant: Wang Ao, Male, Han nationality, born November 28, 1976, citizenship ID number: 370203197611280917, Chinese passport number: G68434291, United States permanent resident card number: 205-364-627.
Litigation Attorney: Wan Miaoyan, lawyer of Sichuan Zhuoyu Law Firm, license number: 1510201011959178.

The plaintiff XU GARY GANG v. Defendant Wang Ao's reputation dispute case was filed on April 24, 2018. Ordinary procedures were applied in accordance with the law. On August 9, 2018, this Court decided not to proceed with the case. On November 20, 2018, Intermediate People's Court of Shenzhen, Guangdong Province ruled to overrule this Court's decision, and ordered this Court to proceed with the case. This court conducted a hearing regarding the Plaintiff's application for a non-public trial and granted the application. The Plaintiff's litigation attorneys Sun Xiaolong and Ji Jiana, the Defendant, and the Defendant's attorney Wan Miaoyan attended the court trial. The trial of the case has now been concluded.

The plaintiff's claim to this court: 1. The defendant must stop his infringement on the plaintiff's reputation, apologize publicly, and restore the plaintiff's reputation in the public media, eliminate the impact on the plaintiff; 2. The defendant must pay for the plaintiff's financial loss of RMB Yuan 2,855,000.00; 3. The defendant must pay the plaintiff RMB 100,000.00 to compensate for the plaintiff's psychological damage. During the trial, the plaintiff made clear the reference of "apologize publicly": the defendant should post notes of apology to the plaintiff on Douban, Zhihu, Weibo, and public media in the People's Republic of China and the United States of America.

Facts of the Case

1. The Facts Related to the Plaintiff's Complaints
1) On March 12, 2018, on the social media platform Zhihu, the defendant uses the username "Wang Ao" to answer the question "What do you think of Professor Wang Ao of Wesleyan University issuing a warning that Xu Gang of UIUC is a repeat sexual assault offender?"
The post cites the defendant's own diary published on Douban.com, titled "About school campus sexual assault offenders, what I saw, what I thought, what I can do." The quote says, "this person has a history of bad behaviors, has been sexually assaulting students for nearly 20 years, and has finally been forced to change schools." The post makes a further

explanation, "This person is called Xu Gang, below is his information on the internet: Xu Gang, English name Gary Xu, Associated Professor of the East Asian Institute of the University of Illinois, Urbana-Champaign, PhD Columbia University, specializing in art and culture theory. Xu Gang has had improper relationships with multiple students. I am sounding the alarm here." "Friends who have suffered Xu Gang's sexual assault/sexual harassment, or anyone with information, may contact me on a voluntary basis. Let's handle this thing right." The defendant further posts "Announcement of Collecting Information regarding Xu Gang's Misconduct," signed by "North American Law Doctor Volunteer Team." The Announcement states that the defendant has posted on websites including Douban and Zhihu to expose the plaintiff's sexual harassment and threat, and use of violent measures against students for nearly 20 years, and that the defendant's article has attracted widespread attention from domestic and foreign netizens. The Announcement calls for more evidences from more victims and informants.

As of March 16, 2018, this article has received 1586 follows and been viewed 800,725 times. As of March 19, 2018, the defendant's answer received 4266 likes and 174 comments.

2) From March 11 to March 19, 2018, the defendant under the username "Wang Ao" mentioned the plaintiff dozens of time on Douban.com by publishing broadcasts, referrals, and retransmissions, mentioning repeatedly that the plaintiff had "sexual assault," "sexual harassment" of women, violence, etc. The content includes, but not limited to: "I have known about his history of sexual assault/sexual harassment of female students for nearly 20 years, including targeting female teachers;" "Teacher Xu Gang, why is it that you have a habit of beating people?" The defendant also retransmitted the aforementioned answer on Zhihu, "What do you think of Professor Wang Ao of Wesleyan University issuing a warning that Xu Gang of UIUC is a repeat sexual assault offender?" He also reposted "Announcement of Collecting Information regarding Xu Gang's Misconduct."
As of March 19, 2018, the above content has received about 20 responses, over 200 re-broadcasts, and over 300 likes.

3) From March 11 to March 19, 2018, the defendant under the username "Wang Ao from Trava Star" on Weibo.com published several posts, which mention that the plaintiff had "sexual assault," "sexual harassment" of women. The defendant also retransmitted the aforementioned answer on Zhihu, "What do you think of Professor Wang Ao of Wesleyan University issuing a warning that Xu Gang of UIUC is a repeat sexual assault offender?" He also reposted "Announcement of Collecting Information regarding Xu Gang's Misconduct."
As of March 19, 2018, the above content has received more than 30 comments, over 200 re-posts, and about 200 likes.

Judgment Reasons and Results

This court believes that this case is a dispute over the rights to reputation. Because the plaintiff is a U.S. citizen, this case has factors related to foreign citizens. According Article 44 of the *Law of the People's Republic of China on the Application of Foreign Civil Relations*, "Violation of citizen rights shall be governed by the laws of the places where violations occur. But if both parties involved in a violation case have the same location of residence, the law in that same location applies. After a violation has occurred, the violated can choose to apply the law in the

place of residence." The parties involved in this case did not have an agreement on the application of the law; the plaintiff's claimed damage occurred inside the People's Republic of China; there is no evidence to show that the plaintiff and the defendant have a common place of residence abroad. Because of these reasons, this court has determined that the closest association principle is applicable and that Chinese law is the governing law of this case.

According to China's laws, citizen's rights to reputation are protected by law and any infringement of these rights should be held responsible according to the law. Judging whether a person or legal entity has committed violation of another party's reputation should be based on whether the victim has in fact received reputation damage, whether the perpetration is against the law, whether there is any cause-and-effect relationship between the perpetration and the result, whether the perpetrator has knowingly committed the perpetration. In this case, regarding whether the defendant has violated the plaintiff's rights to reputation through making defaming remarks on Zhihu, Douban, and Weibo, this Court makes the following analysis:

1. Regarding the accusations of Plaintiff's sexual assault, sexual harassment, and violence. These accusations, upon publication, have raised wide-spread attention, causing apparent negative impact on the plaintiff's social reputation. Although the defendant argues that he was disclosing facts for the sake of the public good, his evidences are largely based on other people's testimonies. Except for the testimonies of Sun and Zhao, who claim to be direct victims, the testimony of the others is mostly hearsay evidence. Ann Olivarius' testimony submitted by the defendant failed to fulfill statutory certification procedures. "University of Illinois at Urbana-Champaign Confidential Report" and "Letter from the College of Arts and Sciences, Department of East Asian Languages and Cultures" were not translated by a qualified translation company, and the plaintiff did not approve of it. These three documents cannot be used as evidence in this Court. The defendant submitted his complaints with Sun and Zhao filed in the US against the plaintiff, but the case has yet to have reached a clear court decision. According to Chinese law, sexual assault is a criminal offense and requires strict criminal justice examination procedure. Furthermore, sexual harassment cannot be determined based only the words of the so-called "victim." The defendant's evidence includes only the testimonies of the "victims," with no direct evidence whatsoever. The defendant is also not able to provide any confirmation of the plaintiff's sexual assault or sexual harassment from the school at which the plaintiff has taught or from the judicial authority. Therefore, the defendant's statements of the plaintiff's "sexual assault" and "sexual harassment" lack effective evidence support. On the account of the defendant's publishing his opinions on the internet involving the plaintiff in the absence of evidence, this Court finds that the defendant has committed violation of the plaintiff's rights to reputation and should be held responsible for defamation. As for the defendant's claims regarding the plaintiff's violent behavior, his testimony was mostly hearsay, which failed to provide direct evidence support. These claims also defamed the plaintiff's personality and caused a decrease of his social evaluation. This Court finds the defendant also committed violation of the plaintiff's reputation and should be held responsible for defamation. Of course, if the plaintiff did have committed the offenses claimed by the defendant, this Court's judgement does not deter the related "victim" from seeking judgement against the plaintiff in a separate case.

2. Regarding the defendant's other claims concerning the plaintiff. The defendant's other claims on the internet regarding the plaintiff are mostly about the lawsuit, such as publicizing trial dates and the defense attorney's statements. Although some uses of words can be unpleasant, they are to a certain extent based on facts and, as such, do not constitute violation of the plaintiff's rights to reputation.

In summary, according to Article 110 of *The General Principles of the Civil Law of the People's Republic of China*, Articles 6, 15, 36 of *The Law of the People's Republic of China on Tort Liability*, Article 10 of *The Supreme People's Court Notes on Liabilities of Psychological Damage*, Article 142 of *The Civil Procedure Law of the People's Republic of China*, the judgement is as follows:

1. Defendant Wang Ao should stop the infringement of the plaintiff XU GARY GANG's reputation; delete the defamation posts within ten days after the effective date of this judgment, including words about the plaintiff XU GARY GANG's "sexual assault," "sexual harassment," "violence" and other similar expressions.

2. Defendant Wang Ao should apologize to the plaintiff XU GARY GANG within ten days after the effective date of this judgement, and post the apology on zhihu, douban, and weibo for no less than 10 consecutive days. The apology statement must be first reviewed and approved by this Court. Should the defendant fail to do as ordered, this Court will publish the main content of this judgement on various media outlets, and the defendant will pay for the expenses.

3. Defendant Wang Ao shall compensate the plaintiff XU GARY GANG RMB 100,000 for mental damage within ten days after the effective date of this judgement.

4. Dismiss plaintiff XU GARY GANG's other claims.

If the defendant fails to pay the ordered amount of money within the period specified in this judgement, the defendant will be ordered to pay not only the amount owed but also double the amount of the interests of the amount owed, according to Article 253 of the Civil Procedure Law of the People's Republic of China.

The court fee for this case is RMB 15,275.00. The plaintiff shall pay RMB 14,758, and the defendant is responsible for RMB 517. The above amount, including the portion for which the defendant is responsible, has been pre-paid by the plaintiff. The defendant should pay the balance back to the plaintiff.

Should you disagree with this judgement, you may submit your appeal to this Court within 30 days of receiving this judgement. You should also send an extra copy for each of the parties involved in the litigation. The appeal will be filed at Shenzhen Intermediate People's Court of Guangdong Province.

Chief Judge, You Bo
Judge, Zheng Youpei

Judge, Qiu Zhaoxia

October 23, 2019

Recorded by: Wang Xiaogai, Huang Kaiwen

Seal: Luohu District People's Court, Shenzhen, Guangdong