E-FILED
Wednesday, 01 June, 2022 11:19:22 PM
Clerk, U.S. District Court, ILCD

# Exhibit E

**Abacus Consulting Services**
401 N. Garfield Ave. Ste 1, Alhambra, CA 91801 Tel: 626-487-8909  Fax: 626-282-9252
Website: http://www.certifiedchinesetranslation/ Email: info@certifiedchinesetranslation.com

### CERTIFICATION OF TRANSLATION
### (Certified by Courts)

This is to certify under the penalty of perjury that I am a court certified interpreter in California with license number #301138 and I am fluent in Chinese (Mandarin) and English languages, that the document(s) listed as

**Civil Judgment**

is (are) complete and accurate translations of the original written document(s) to the best of my ability and knowledge.

I certify under penalty of perjury under the Laws of the State of California that the foregoing is true and correct.

Signed on June 1, 2022 in Los Angeles, California, USA

Samuel Shen Chong
Federal Court Registered Interpreter (US District Courts)
CA Court Certified Interpreter (License No. 301138), New York Court Certified Interpreter
ATA (American Translators Association) Associate # 243264
Abacus Consulting Services
401 N. Garfield Ave.
#1
Alhambra, CA 91801, USA
Tel: 626-487-8909
Fax: 626-282-9252

# People's Republic of China
# Luohu District People's Court, Shenzhen, Guangdong
# Civil Judgment

(2021) Y 0303 MC No. 31919

Plaintiff: XU GARY GANG, male, born on June 21, 1968, citizen of the United States of America, passport number 505562983.

Appointed Attorney: Xiaolong Sun, lawyer of Guangdong Panxin Law Firm, practicing license number 14403200910927851.

Appointed Attorney: Liwei Gu, lawyer of Guangdong Panxin Law Firm, practicing license number 14403202110356700.

Defendant: Ao Wang, male, born November 28, 1976, Han ethnicity, currently residing in the State of Wisconsin, United States of America, Chinese Citizen ID No. 370203197611280917, Chinese Passport No. G68434291, U.S. Permanent Resident Card No. 205-364-627.

Appointed Attorney: Shan Song, lawyer of Guangdong Shengchen Law Firm, practicing license No. 14401200411788116.

In the reputation right dispute of the Plaintiff XU GARY GANG and the defendant Ao Wang, the Court made a civil judgment (2019) Y 0303 MC No. 14464 on October 23, 2019. The defendant Ao Wang appealed to the Shenzhen Intermediate People's Court of Guangdong Province against the judgment. The Shenzhen Intermediate People's Court of Guangdong Province made a civil ruling (2019) Y 03 MZ No. 34102 on July 20, 2021, ruling that the original verdict was reversed and remanded to this Court for retrial. On November 29, 2021, the Court reopened the case for ordinary proceedings and formed a separate collegial panel to hear the case in closed session on the Plaintiff's petition. The Plaintiff XU GARY GANG's attorneys Xiaolong Sun, Liwei Gu, the defendant Wang Ao's attorney Shan Song attended the proceedings. The case is now heard and concluded.

The Plaintiff filed the following requests to the court: 1. the defendant to stop its infringement of the Plaintiff's reputation right, post articles on Douban, Zhihu and Weibo, and apologize to the Plaintiff in mass media within the scope of the People's Republic of China and the United States of America, and restore the Plaintiff's reputation and eliminate the impact on the Plaintiff in public media; 2. the defendant to pay the Plaintiff economic loss of RMB (the same currency below) 2855000; 3. the defendant to pay the Plaintiff compensation for psychological damage of RMB 100000; 4. the litigation costs of the case to be borne by the defendant. The total of the above is RMB 2955000. Facts and reasons: The Plaintiff was a tenured professor at the University of Illinois at Urbana-Champaign and is now employed in Shenzhen. Since March 2018, the defendant has been publishing articles in the media alleging that the Plaintiff "sexually abused" students, which has greatly affected the Plaintiff's reputation and caused the termination of the Plaintiff's employment and caused his inability to obtain talent introduction subsidies, causing great psychological damage to the Plaintiff.

Defendant Ao Wang argues, first, that the Plaintiff was forced to resign after an investigation by the University of Illinois at Urbana-Champaign because the victim, Sun, reported the Plaintiff for "sexual harassment, sexual assault, threats, and violence against students." The defendant's warning articles and statements published on self-published media were based on public interest purposes, and did not have the subjective intention of maliciously degrading the Plaintiff's reputation. Second, the defendant himself and the articles published thereafter by the volunteer team of North American J.D. had done their duty of reasonable verification and did not have subjective negligence: 1. The personal experience told by one of the defendant's juniors from 2002 to 2003; 2. The content posted online by Sun, the victim of the U.S. case, in 2015; 3. The investigation conducted by the U.S. university on Plaintiff for more than two years and then not arranging Plaintiff for new classes and hired new instructors; 4. Plaintiff's communication

with the victim, Zhao; 5. Statements from colleagues in the North American academic community regarding the victim, etc. Third, the relevant statements made by the defendant against the Plaintiff are basically true, and the victim has filed a civil lawsuit for compensation in the United States as a result. Therefore, the defendant did not violate the Plaintiff's right to reputation, and the court is requested to reject all of the Plaintiff's claims.

The parties submitted evidence around the litigation request according to law, and the Court organized the parties to exchange and cross-examine evidence. According to the evidence submitted by the parties and the trial statement, the Court found the following facts:

I. Infringement claimed by the Plaintiff

1. On March 12, 2018, under the username "Ao Wang", the defendant answered the question "What do you think of Wesleyan University professor Ao Wang's warning that UIUC's XU GARY GANG is a repeat sexual assailant?" The article quotes from the defendant's diary "What I saw, what I thought, and what I could do about sexual assault at school" published on Douban.com, which states, "This person has a long history of sexually assaulting students for nearly 20 years and was finally forced to change schools" and further states, "This person's name is XU GANG, and the following is the information found online: XU GARY GANG, English name Gary Xu, associate professor, Institute of East Asian Studies at the University of Illinois of the US (Champaign campus, that is, UIUC), PhD from Columbia University, specializing in art and cultural theory, ......XU GARY GANG and a number of students have inappropriate relationships ......, and is hereby warned." "Anyone who has been sexually assaulted/harassed by XU GARY GANG, or anyone who knows, can contact me on a voluntary basis and let's make this better." The defendant posted "Information Collection Notice on XU GARY GANG's Misconduct", which was signed by "North American Juris Doctor Volunteer Team", stating that the defendant posted articles on Douban, Zhihu and other websites to expose the Plaintiff's sexual harassment, threats and violence against students for nearly 20 years,

which caused widespread concern among netizens at home and abroad. Concern ...... and it needs more victims and informants to provide evidence. As of March 16, 2018, the issue has gained 1,586 followers and been viewed 800,725 times. As of March 19, 2018, the defendant's answer has received 4,266 approvals and 174 comments.

2. Between March 11 and March 19, 2018, Defendants, under the username "Ao Wang," mentioned Plaintiff dozens of times on Douban by posting broadcasts, recommendations, and transmissions, including numerous references to Plaintiff's "sexual assault," "sexual harassment" of women, violence, and other acts. The content includes but is not limited to: "It is known for almost 20 years about his history of sexual assault/sexual harassment of female students in the North American academic circles, including reaching out to female teachers as well"; "Instructor Gang Xu, you have this habit of beating people, what is it for?"; Forwarding the previous Zhihou's question and answers "What do you think of Wesleyan University professor Ao Wang's warning that UIUC's XU GARY GANG is a repeat sexual assailant?"; posting "Information Collection Notice on XU GARY GANG's Misconduct". As of March 19, 2018, the above content has accumulated about 20 responses, over 200 retweets, and over 300 likes.

3. Between March 11 and March 19, 2018, Defendants posted several tweets under the username "Ao Wang from Travastar" that referred to Plaintiff's "sexual assault" and "sexual harassment" of women, including re-posting the aforementioned Zhihu question and answer "What do you think of Wesleyan University professor Ao Wang's warning that UIUC's XU GARY GANG is a repeat sexual assailant?"; posting "Information Collection Notice on XU GARY GANG's Misconduct". As of March 19, 2018, the above content has received over 30 comments, over 200 retweets, and about 200 likes.

4. The Plaintiff also submits the status posted by the defendant on Douban between June 17, 2019 and June 24, 2019, in which the content involving the Plaintiff is mostly the announcement of content

2:19-cv-02242-EIL  # 81-5  Filed: 06/01/22  Page 7 of 22

related to this lawsuit, such as the court date and the statement of the defendant's lawyers. The Plaintiff accordingly claims that the defendant has the subjective intention of infringement.

II. The Plaintiff claims damages caused by the defendant's tort

1. Starting March 1, 2017, the Plaintiff was employed as the artistic director of the Shenzhen Luohu District Daisy Sound Primer Art Service Center with a monthly salary of RMB 30,000 before tax and a three-year contract. On March 15, 2018, the center terminated its cooperation with the Plaintiff and terminated its curatorship because the Plaintiff was involved in an online public opinion. The Plaintiff accordingly claimed RMB 705,000 in compensation loss due to being terminated.

2. On March 10, 2018, the Xi'an Museum of Art and Xi'an Qujiang Creativity Culture and Art Co. decided to hire the Plaintiff as the curator of the 2018 Xi'an Contemporary Art Exhibition with a curatorial fee of RMB 150,000. On March 22, 2018, the Plaintiff was terminated and stopped working as a curator because of public opinion issues. The Plaintiff accordingly claimed a compensation loss of RMB 150,000 due to the termination of his contract.

3. The Plaintiff submitted the "Opinions of the Shenzhen Municipal Committee of the Communist Party of China on the Implementation of the 'Peacock Plan' for the Introduction of Overseas High-Level Talents", "Criteria for the Identification of Overseas High-Level Talents in Shenzhen (2016)", "Notice of the Shenzhen Human Resources and Social Security Bureau, Shenzhen Finance Committee and Shenzhen Housing and Construction Bureau on Matters Relating to the Issuance of Incentive Subsidy for High-Level Talents in Shenzhen", and the Columbia University degree certificate. Based on these documents, the defendant claimed that he was qualified for the introduction of B-type talents under the "Peacock Plan" of Shenzhen and was originally entitled to an incentive subsidy of RMB 2 million. However, due to the tort of the defendant, the defendant lost the

above-mentioned incentive subsidies, so the defendant should compensate such.

III. Defendants' defenses and evidence

Defendants acknowledge that the "XU GARY GANG" and "Gary Xu" allegedly posted in Zhihu, Douban, and Weibo above were directed at Plaintiff, but argue that their revelation of Plaintiff's misconduct was based on the public interest purpose of "preventing unknowing students from becoming the next victims". The defendant had reasonably verified before publishing the article that it did not intentionally defame the Plaintiff and did not violate the Plaintiff's reputation right. To prove its defense, the defendant submitted the following evidence to the court.

1. In the March 19, 2018 The Paper's English report <Professor Accused of Sexual Abuse to Resign, Says University> ("XU GARY GANG Professor Resigns Amid Sexual Assault Allegations, University Says"), it was stated that some of the Plaintiff's previous students accused him of sexual assault, sexual harassment or sexual coercion, and two women were interviewed saying they experienced sexual assault by the Plaintiff.

2. Sun and Zhao were originally students of Plaintiff at the University of Illinois at Urbana-Champaign. Sun testified that she had been sexually assaulted and violated by the Plaintiff. Zhao testified that she had heard that Plaintiff had inappropriate relationships with female students and that Plaintiff had sexually harassed her.

3. In a March 19, 2018 email exchange between Robin Kaier, Vice Chancellor for Public Affairs at the University of Illinois at Urbana-Champaign, and Wang Yiwei, a reporter for the Shanghai-based online media outlet Sixth Voice, the reporter sought a response to whether the university received allegations of misconduct against the plaintiff in 2015 and information about the plaintiff's current tenure at the university. Robin Kaier responded that the university will investigate and take appropriate action when notified of incidents that may compromise or affect the safety of students or others. However, the university cannot discuss or release details of such investigations; the

plaintiff is not currently teaching a course and will resign after August 16, 2018.

4. Xi Mi testified that she heard that the plaintiff "had inappropriate relationships with some people" and that a female student at the University of Illinois at Urbana-Champaign reported the plaintiff to the university for sexual assault. Jing Zhang testified that she heard Ms. Anyi Wang describe the plaintiff as "a wolf leading a group of sheep" when Plantiff brought female students to the conference.

5. Er Zhang testified that she had heard the defendant and Xi Mi talk about the plaintiff's sexual abuse of students, heard about the plaintiff's beating, and that the plaintiff had asked Er Zhang through others to plan the defendant's exposure of the plaintiff's sexual abuse on the Internet as performance art.

6. Taisu Zhang testified and explained regarding "Information Collection Notice on XU GARY GANG's Misconduct": After the defendant issued articles exposing the plaintiff's sexual assault on Douban and Zhihu, more than 30 juris doctors in the United States formed a WeChat group titled "North American Juris Doctor Volunteer Team" out of the idea of providing help to victims and preventing more people from being harmed by the plaintiff in the future, drafting a notice soliciting the plaintiff's misconduct, and asked the defendant to issue a notice. Taisu Zhang emphasized that the victims existed, and their pain and suffering continue to this day.  It is not that the victims were victimized by the plaintiff only after the call for information collection was issued.

7. Li testified that she had been harmed by campus sexual assault and reported the experience of exposing it, saying that she agreed with the defendant's purpose for public interest of exposing the plaintiff.

IV. Other related information

1. Plaintiff resigned on his own from the University of Illinois at Urbana-Champaign on August 16, 2018.

2. Defendant, along with Sun and Zhao, filed a civil action for damages against Plaintiff in the United States District Court for the Central District of Illinois on September 10, 2019.

Martinkus, the attorney representing the plaintiff in the case, submitted the following statements: (1) The attorney stated that in the lawsuit filed by Sun, Zhao, and the defendant against the plaintiff in the United States District Court for the Central District of Illinois, the plaintiff had denied all allegations and filed a counterclaim for damages. (2) The attorney has obtained Sun's statement in the case: Sun reported to the school three times and withdrew the complaint, and did not withdraw it until the fourth time; the school conducted an investigation but could not determine the authenticity. (3) According to the attorney's understanding, Sun continued to express her love to the plaintiff on social media even after she reported to the school, and her private life was complicated. (4) In the U.S. case, ten students whom the plaintiff had previously taught submitted a letter expressing support for the plaintiff.

Explanations from Ann Olivarius, the attorney representing the defendant in the case: (1) The attorney argued that the credibility of Sun's allegations of abuse by the plaintiff had been accepted in the university's official investigation report; that the investigation had prompted the university's decision to dismiss the plaintiff, and that the plaintiff had resigned on his own at the university's suggestion. (3) The WeChat logs submitted by Martinkus' attorney are undated. Sun did not maintain contact with Plaintiff "for years" after she made the allegations to the university, and there was no question of a complicated private life. (3) The ten students' letter in support of the plaintiff occurred on October 11, 2016, when they were unaware of the full content of Sun's subsequent allegations and the university's investigation. At the same time, the defendant argued in cross-examination that the letter was only an email printout, so the authenticity was not accepted.

The Court held that the case is a dispute over the right of reputation. Since the plaintiff is a U.S. citizen, this case has foreign-related factors. According to Article 44 of the Law of the People's Republic of China on the Application of Foreign-Related Civil Relations, the parties may choose the law applicable to the case according to the law. Because the parties have not agreed on the application of law, the plaintiff's tort damage occurred in the People's Republic of China, and there is no evidence that the plaintiff and the defendant have a common place of residence outside the country, the court applied the principle of closest contact, in which the law of China as the applicable law.

In this case, the basic facts of the defendant's remarks against the plaintiff on Zhihu, Douban and Weibo are not in dispute. The focus of the dispute is whether the defendant's remarks do not constitute tort because of the public interest nature, which is analyzed by the court as follows: First, there is no evidence that the defendant has a personal grudge against the plaintiff. The defendant did not directly alleged in the online postings that the plaintiff had "sexual assault", "sexual harassment", "violence", or other acts, but to show that there were victims alleging that the plaintiff had the above misconduct, and hope that the potential victims could protect their rights together. The defendant claimed that his remarks were of public interest, and the court accepts them. Secondly, the defendant had direct contact with Sun and Zhao, who claimed to be the victims, before publishing the relevant remarks. After the publication of the remarks, the defendant and the two victims jointly filed a lawsuit against the plaintiff in the United States. The court held that the defendant's statements reflected the allegations made by the two victims against the plaintiff, and the available evidence did not prove that the defendant fabricated or distorted the allegations of the two victims, so it could not be determined that the defendant's statements made for public interest purposes constituted tort. As for whether the allegations of the two victims to the conducts of the plaintiff can be established as well as the

outcome of the case in the US, they do not affect the facts of the case. Therefore, the court does not agree to the defendant's request to suspend the trial.

As for the other remarks that the defendant posted online about the plaintiff, the content mostly involves the litigation of the parties, such as the announcement of court time, the defendant's attorney statement. Even if some of the languages are unpleasant, there is a certain factual basis, and does not constitute an infringement of the plaintiff's right of reputation. Therefore, the plaintiff's claim has insufficient justification, and the court does not support such.

In view of the above, in accordance with Article 44 of the Law of the People's Republic of China on the Legal Application of Foreign-related Civil Relations, Paragraph 1 of Article 67 and Article 145 of the Civil Procedure Law of the People's Republic of China, the judgment is as follows:

Plaintiff XU GARY GANG's motion is denied in its entirety.

The case handling costs of RMB 15,275 shall be borne by the plaintiff XU GARY GANG.

If you do not accept this judgment, both parties may appeal to the Shenzhen Intermediate People's Court of Guangdong Province within thirty days from the date of service of the judgment by submitting a letter of appeal to this Court with the number of copies in accordance with the number of opposing parties or representatives.

Presiding Judge: Tao Rao

Judge: Yuanxin Huang

Judge: Yingying Chen

[seal:] Shenzhen Luohu People's Court

May 13, 2022

This document conforms with the original.

Judge Assistant: Yingyi Zhang

Clerk: Yinyin Wang

# 中华人民共和国

## 广东省深圳市罗湖区人民法院

## 民事判决书

（2021）粤 0303 民初 31919 号

原告：徐钢（英文名：XU GARY GANG），男，1968 年 6 月 21 日出生，美利坚合众国公民，护照号 505562983。

委托诉讼代理人：孙小龙，广东磐信律师事务所律师，执业证号 14403200910927851。

委托诉讼代理人：顾立维，广东磐信律师事务所律师，执业证号 14403202110356700。

被告：王敖，男，1976 年 11 月 28 日出生，汉族，现住美利坚合众国康斯威辛州，中国公民身份证号码 370203197611280917，中国护照号 G68434291，美国永久居民证（卡）号 205-364-627。

委托诉讼代理人：宋珊，广东晟晨律师事务所律师，执业证号 14401200411788116。

原告徐钢与被告王敖名誉权纠纷一案，本院于 2019 年 10 月

23 日作出（2019）粤 0303 民初 14464 号民事判决书。被告王敖不服该判决，向广东省深圳市中级人民法院提起上诉。广东省深圳市中级人民法院于 2021 年 7 月 20 日作出（2019）粤 03 民终 34102 号民事裁定书，裁定撤销原判决，发回本院重审。本院于 2021 年 11 月 29 日重新立案适用普通程序并另行组成合议庭，依原告申请不公开开庭进行了审理。原告 XU GARY GANG 的委托诉讼代理人孙小龙、顾立维，被告王敖的委托诉讼代理人宋珊到庭参加了诉讼。本案现已审理终结。

原告向本院提出如下诉讼请求：1. 被告停止其侵害原告名誉权的行为，在豆瓣、知乎、微博上发文，并在中华人民共和国及美利坚合众国范围内的大众媒体上向原告赔礼道歉，并在公开媒体上恢复原告的名誉、消除对原告造成的影响；2. 被告向原告支付经济损失人民币（币种下同）2855000 元；3. 被告向原告支付精神损害赔偿金 100000 元；4. 本案的诉讼费由被告承担。以上合计 2955000 元。事实与理由：原告原为伊利诺大学香槟校区终身教授，现于深圳就业。被告自 2018 年 3 月起在媒体发文，指称原告存在"性侵"学生的情形，对原告名誉权造成极大影响，致使原告劳动关系被解除，无法获得人才引进补贴，给原告造成了巨大的精神损害。

被告王敖答辩称：第一，因受害人孙同学举报原告"性骚扰、性侵害、威胁及对学生采取暴力手段"，伊利诺伊香槟大学经调查后，原告被迫辞职。被告在自媒体上发表的预警文章及言论是基于公益性目的，并无恶意贬损原告名誉的主观故意。第二，被告

2

本人及此后受北美法律博士志愿者团队委托发表的文章，已尽合理核实义务，不存在主观过失：1.2002 至 2003 年时，被告一名师妹曾告知的亲身经历；2．美国案子的受害者孙同学 2015 年时在网上发布的内容；3．美国校方对原告进行长达两年多的调查，后不安排原告课程并招收新教师；4.与受害者赵同学的沟通；5.北美学术圈的同事听闻受害人陈述等。第三，被告针对原告的相关言论基本属实，且受害人已因此在美国提起民事赔偿的诉讼。因此，被告未侵害原告的名誉权，请法院驳回原告全部诉讼请求。

当事人围绕诉讼请求依法提交了证据，本院组织当事人进行了证据交换和质证。根据当事人提交的证据及庭审陈述，本院认定如下事实：

一、原告主张的侵权行为

1．2018 年 3 月 12 日，被告以用户名"王敖"在问答平台知乎上回答了问题"怎么看 Wesleyan University 任教的王敖教授发出示警,指 UIUC 的徐钢是性侵惯犯？"文中引用了被告在豆瓣网发表的日记《关于学校里的性侵犯，我看到了什么，想了什么，能做什么》中表述的"此人劣迹斑斑，长期性侵学生近 20 年之久，终于被迫换了学校"，并作进一步说明："此人叫徐钢，下面是网上信息：徐钢，英文名 Gary Xu， 美国伊利诺大学（香槟校区，即 UIUC）东亚研究所副教授，哥伦比亚大学博士，专攻艺术文化理论，……徐钢跟多位学生有不正当关系……，在此示警。""受过徐钢性侵犯/性骚扰的朋友，或知情人，可以在自愿前提下联系我，咱们把这事做得更好。"被告在文中贴出《徐钢不当行为的

3

信息搜集公告》，公告落款人为"北美法律博士志愿者团队"，公告载明被告在豆瓣、知乎等网站发文揭露原告性骚扰、威胁，对学生采取暴力手段近二十年，该文引起国内外网友的广泛关注……需要更多的受害者和知情人提供证据。截至 2018 年 3 月 16 日，该问题获得 1586 人关注、被浏览 800725 次。截至 2018 年 3 月 19 日，被告的回答获得 4266 人赞同，174 条评论。

2. 2018 年 3 月 11 日至 3 月 19 日期间，被告以用户名"王敖"在豆瓣网上通过发布广播、推荐、转播等形式提及原告数十次，其中多次提到原告有"性侵""性骚扰"女性、暴力等行为。内容包括但不限于："将近 20 年都知道他在北美教育界性侵/性骚扰女生的历史，包括对女性教师也一样伸手"；"徐钢老师，你这个动手打人的习惯，到底是为啥"；转发前述知乎问答"怎么看 Wesleyan University 任教的王敖教授发出示警，指 UIUC 的徐钢是性侵惯犯"；发布《徐钢不当行为的信息搜集公告》。截至 2018 年 3 月 19 日，上述内容累计获得约 20 条回应、逾 200 次转播，点赞数超过 300 个。

3. 2018 年 3 月 11 日至 3 月 19 日期间，被告以用户名"王敖来自特拉瓦星"发布数条微博，内容提及原告有"性侵""性骚扰"女性的行为，包括转发前述知乎问答"怎么看 Wesleyan University 任教的王敖教授发出示警，指 UIUC 的徐钢是性侵惯犯"、发布《徐钢不当行为的信息搜集公告》等。截至 2018 年 3 月 19 日，上述内容累计获得逾 30 条评论、逾 200 次转发，点赞数约 200 个。

4

4．原告另提交被告于 2019 年 6 月 17 日至 2019 年 6 月 24 日期间在豆瓣网上发布的动态，其中涉及原告的内容多为公布与本案诉讼有关的内容，如开庭时间、被告代理人声明等。原告据此主张被告具有侵权的主观故意。

二、原告主张因被告侵权造成的损害后果

1．2017 年 3 月 1 日起，原告受聘于深圳市罗湖区雏声初引艺术服务中心担任艺术总监，月薪为税前 30000 元，合同期限三年。2018 年 3 月 15 日，因原告被涉入网络舆情，该中心终止与原告合作并解除其策展人身份。原告据此主张因被解约而产生的报酬损失 705000 元

2．2018 年 3 月 10 日，西安美术馆、西安曲江创造力文化艺术有限责任公司决定聘请原告作为 2018 年西安当代艺术展策展人，策展劳务费为 150000 元。2018 年 3 月 22 日，因为社会舆情问题，原告被解约并停止策展人工作。原告据此主张因被解约而产生的报酬损失 150000 元。

3．原告提交《中共深圳市委深圳市人民政府关于实施引进海外高层次人才"孔雀计划"的意见》《深圳市海外高层次人才认定标准（2016 年）》《深圳市人力资源和社会保障局、深圳市财政委员会、深圳市住房和建设局关于深圳市高层次人才奖励补贴发放有关事项的通知》、哥伦比亚大学学位证书等文件，并据此主张其符合深圳市"孔雀计划"B 类人才引进条件，原本可获得奖励补贴 200 万元。但因被告的侵权行为，导致其损失上述奖励补贴，故被告应予赔偿。

三、被告的抗辩及证据

被告认可上述知乎、豆瓣及微博中指称的"徐钢""Gary Xu"是针对原告发布，但辩称其揭露原告的不当行为，是基于"以免不知道的学生成为下一个受害者"的公共利益目的而作出的事实陈述。且被告在发表文章前已合理核实，并未故意诽谤原告，亦不构成对原告名誉权的侵犯。被告为证明其抗辩，向本院提交了如下证据：

1.2018年3月19日澎湃新闻英文报道＜Professor Accused of Sexual Abuse to Resign, Says University ＞（《校方称：徐钢教授被指控性侵而辞职》）中称，原告之前的一些学生指控其性侵、性骚扰或性胁迫，两位女士接受采访称经历了原告性侵害。

2．孙同学、赵同学原系原告在美国伊利诺大学香槟分校的学生。孙同学在证言中称，其本人曾受到原告的性侵、暴力等伤害。赵同学在证言中称，曾听说原告和女学生有不正当关系，原告对其本人有性骚扰行为。

3.伊利诺大学香槟分校负责公共事务的副校长 RobinKaier 与上海线上媒体机构"第六声"记者王一苇在2018年3月19日的往来邮件，记者希望校方回应是否在2015年收到针对原告行为不端的指控以及原告目前在该校的任职情况。RobinKaier 回复称：在被告知有可能损害或影响学生或其他人的安全的事件发生时，学校会调查并采取适当行动。但校方不能讨论或公布此类调查的细节；原告目前未教授课程并将于2018年8月16日后辞职。

4．奚密在证言中称，听说原告"与一些人保持不正当关

系"，伊利诺大学香槟分校的一个女生向学校举报原告性侵害。张静在证言中称听到王安忆女士形容原告带女学生参会为"这是一匹狼带着一群羊啊"。

5．张尔在证言中称，曾听被告和奚密说起原告性侵学生，听说过原告打人事件，原告曾通过他人要张尔将被告在网络上揭露原告性侵的事策划为行为艺术。

6．张泰苏在证言中对《徐钢不当行为的信息搜集公告》作出解释：被告在豆瓣与知乎发出揭露原告性侵的文章后，有 30 余位在美国的法学博士出于为受害者提供帮助、避免未来更多人受到原告伤害的理念，组建了"北美法律博士志愿者团队"微信群，起草了征集原告不当行为的公告，并请被告发布公告。张泰苏强调：受害者们本身便存在，她们的痛苦和伤害延续至今，并非征集公告发出来后，受害者才被原告侵害。

7．李某在证言中讲述了自己曾受到校园性侵伤害并举报揭露的经历，表示认同被告揭露原告的公益性目的。

四、其他相关情况

1．原告于 2018 年 8 月 16 日从伊利诺大学香槟分校自行辞职。

2．被告与孙同学、赵同学于 2019 年 9 月 10 日在美国伊利诺伊州中区联邦地区法院对原告提起民事赔偿诉讼。

原告在该案的代理律师 Martinkus 提交了相关说明：（1）该律师称在孙同学、赵同学和被告在美国伊利诺伊州中区联邦地区法院对原告提起的诉讼中，原告已否认所有指控并提起反诉要求赔偿。（2）律师已取得孙同学在案供词：孙同学先后三次向学校

举报又撤回，直至第四次举报才没有撤回；学校虽进行调查，却无法确定真实性。（3）据该律师了解，孙同学在向学校举报之后仍持续在社交媒体上向原告表达爱意，且私生活混乱。（4）在美国案件中，原告此前教授的十名学生提交了一份对原告表示支持的函件。

被告在该案的代理律师 Ann Olivarius 的说明：（1）该律师认为，学校的官方调查报告中已认可孙同学指控原告对其施虐的可信度；调查促使学校决定辞退原告，原告是在学校的建议下才自行辞职。（3）Martinkus 律师提交的的微信聊天记录没有日期显示。孙同学在向学校指控原告之后,其并未与原告保持"多年"联系，也不存在私生活混乱的问题。（3）十名学生支持原告的函件是发生于 2016 年 10 月 11 日,当时他们并不知道后续孙同学指控及学校调查的全部内容。同时，被告在质证认为该份函件仅为邮箱打印件，故对真实性不予认可

本院认为，本案系名誉权纠纷。因原告为美国公民，本案具有涉外因素。根据《中华人民共和国涉外民事关系法律适用法》第四十四条规定，当事人可以依法选择本案适用的法律。因当事人对法律适用未进行约定，原告所诉的侵权损害结果发生在中华人民共和国境内，亦无证据显示原、被告在境外有共同经常居住地，本院依法适用最密切联系原则，以我国法律为本案准据法。

在本案中，双方对于被告在知乎、豆瓣、微博上针对原告发表的言论的基本事实无争议。双方的争议焦点在于被告发表相关言论是否因具有公益性质而不构成侵权，本院对此分析如下：首

8

先，没有证据显示被告与原告具有私怨。被告在网络发帖中并非直接指称原告有"性侵""性骚扰""暴力"等行为，而是反映有受害人指称原告存在上述不端行为，并希望可能潜在的受害者共同维权。被告称其相关言论具有公益属性，本院予以认可。其次，被告在发表相关言论前与自称受害人的孙同学、赵同学有直接接触。相关言论发表之后，被告与两名受害人在美国共同对原告提起赔偿诉讼。本院认为，被告发表的言论是反映两名受害人针对原告所提出的指控，现有证据并未证明被告捏造或歪曲两名受害人的指控内容，故无法认定被告基于公益目的所发表的言论构成侵权。至于两名受害人对原告的指控行为是否实际成立、美国案件的裁判结果如何，均不影响本案的事实认定。因此，对被告要求中止审理的请求，本院不予同意。

至于被告在网络上发布的其他有关原告的言论，内容多涉及双方诉讼往来，如公布开庭时间、被告代理人声明等，即便个别用语令人不快，但具有一定的事实基础，不构成对原告名誉权的侵害。因此，原告相关诉求，理据不足，本院不予支持。

综上所述，依照《中华人民共和国涉外民事关系法律适用法》第四十四条，《中华人民共和国民事诉讼法》第六十七条第一款、第一百四十五条之规定，判决如下：

驳回原告徐钢（英文名：XU GARY GANG）的全部诉讼请求。

案件受理费 15275 元，由原告徐钢（英文名：XU GARY GANG）负担。

如不服本判决，双方可以在判决书送达之日起三十日内，向

本院递交上诉状，并按对方当事人或者代表人的人数提出副本，
上诉于广东省深圳市中级人民法院。


　　　　　　　　　审　　判　　长　　饶　　　　　弨

　　　　　　　　　审　　判　　员　　黄　源　鑫

　　　　　　　　　审　　判　　员　　陈　莹　颖



　　　　　　　　　二〇一五年五月十三日

本件与原本核对无异

　　　　　　　　　法　官　助　理　　张　颖　仪

　　　　　　　　　书　记　员　　王　茵　茵

10