# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### Urbana Division

XINGJIAN SUN, et al.,

        Plaintiffs,

v.

        Case No. 19-2242

GARY GANG XU,

        Defendant.

## ORDER

This case is before the Court on Plaintiffs' Motion for Reconsideration of Plaintiffs' Motion for Partial Summary Judgment (#104). Plaintiffs ask the Court to reconsider its denial of Plaintiffs' Motion for Summary Judgment as to two counts of Defendant's counterclaim: Count I against Plaintiff Sun and Count IV against Plaintiff Wang. Both counts claim intentional infliction of emotional distress under Illinois law. Defendant filed a Response in Opposition (#111).

"[M]otions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Zurich Capital Mkts. Inc. v. Coglianese*, 383 F.Supp.2d 1041, 1045 (N.D. Ill. 2005) (quoting *Publishers Res., Inc. v. Walker–Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985). "A motion for reconsideration would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Quaker Alloy Casting Co. v. Gulfco Industries, Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988)." In short, "[a] motion for reconsideration is an opportunity to correct things the Court mistook or overlooked." *Young v. County of Cook*, 616 F. Supp. 2d 856, 858 (N.D. Ill. 2009).

On November 21, 2022, the Court entered an Order (#102) granting Plaintiffs' Motion for Summary Judgment as to Count III of Defendant's Counterclaim, intentional infliction of emotional distress against Plaintiff Zhao. The Court denied Plaintiffs' Motion for Summary Judgment as to the remaining intentional infliction of emotional distress claims against Plaintiffs Sun and Wang.[1] Plaintiffs filed the instant Motion asking the Court to reconsider its ruling on the counts relating to Sun and Wang.

Plaintiffs argue the Court erred by failing to address whether the undisputed facts show that Plaintiffs' conduct did not cause Xu to suffer severe emotional distress. As the Court noted in its Order, Xu's claim for intentional infliction of emotional distress requires proof of three elements. First, Xu must show that each individual Plaintiff engaged in "truly extreme and outrageous" conduct toward him. Second, he must show that the Plaintiff either intended or recklessly disregarded the probability that the conduct would cause him to suffer emotional distress. Finally, Xu must produce evidence to show that the Plaintiff's conduct actually and proximately caused him severe emotional distress. *Pub. Fin. Corp. v. Davis*, 360 N.E.2d 765, 767 (Ill. 1976); *McGrath v. Fahey*, 533 N.E.2d 806, 809 (Ill. 1988).

To satisfy this third element of the cause of action, a plaintiff must include facts to establish that the severity of the emotional distress was so great that "no reasonable man could be expected to endure it." *Feltmeier v. Feltmeier*, 798 N.E. 2d 75, 84 (Ill. 2003). "Emotional distress includes all highly unpleasant mental reactions, such as fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, and nausea." *Bianchi v. McQueen*, 58 N.E.3d 680, 701 (Ill. App 2d 2016). "Severe emotional distress must be proved; but in many cases the extreme and outrageous character of the defendant's conduct is in itself important evidence that the distress has existed." *Kolegas v. Heftel Broadcasting Corp.*, 607 N.E.2d 201, 213 (Ill. 1992).

The Court finds that under the facts presented, whether or not Xu suffered severe emotional distress is a question of fact for the jury. At his deposition, Xu testified

---

[1] The Court's Order also ruled on Defendant Xu's Motion for Summary Judgment, granting in part and denying in part.

2

that he experienced anxiety attacks, lost income, and loss of reputation and good name. #96, Xu Dep. at p. 328. Plaintiffs' Motion argues that their actions could not have caused Xu to develop a heart condition requiring invasive treatment because the heart condition and surgery occurred before Plaintiffs' alleged conduct. This may be true, and Plaintiffs may object to this testimony at trial. However, Xu's testimony regarding the mental and emotional distress he experienced is sufficient to make it a factual dispute for the jury to resolve.

For the reasons explained in the Court's ruling on Plaintiffs' Motion for Summary Judgment, whether Plaintiffs Sun and Wang engaged in extreme and outrageous conduct is a question for the jury. A reasonable juror who finds that Sun and Wang's actions constituted extreme and outrageous behavior could also reasonably find that Xu's resulting harm constituted severe emotional distress.

Plaintiffs' Motion to Reconsider (#104) is DENIED. This case remains set for a Final Pretrial Conference on December 13, 2022, at 1:30 PM, Courtroom B, Urbana.

ENTERED this 12th day of December, 2022.

                                                                          s/ERIC I. LONG
                                            UNITED STATES MAGISTRATE JUDGE