### UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

| | | |
|---|---|---|
| XINGJIAN SUN, | ) | |
| XING ZHAO, and | ) | Case No.: 2:19-cv-2242-CSB-EIL |
| AO WANG, | ) | |
| | ) | |
| Plaintiffs/Counter-Defendants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GARY GANG XU, | ) | |
| | ) | |
| Defendant/Counter-Plaintiff. | ) | |
| | ) | |

### PRE-TRIAL ORDER

This matter having come before the Court at a pre-trial conference held pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16.1; and

Jonathan Little and Dr. Ann Olivarius, having appeared as counsel for the Plaintiffs; and

James Martinkus, having appeared as counsel for the Defendant, the following action was taken:

### I.    NATURE OF ACTION AND JURISDICTION

Plaintiffs' lawsuit originally alleged claims of sex trafficking (18 U.S.C. §§ 1591, 1595), forced labor (18 U.S.C. §§ 1589, 1595), trafficking into servitude (18 U.S.C. §§ 1590 and 1595), gender violence (740 ILCS 82/5), involuntary servitude (720 ILCS 5/10-9(d) and 740 ILCS 128-15), and negligent and intentional infliction of emotional distress.  The Defendant's counterclaims initially alleged defamation against Sun and intentional infliction of emotional distress against Sun, Zhao, and Wang.

All parties moved for summary judgment on June 1, 2022.  In light of the Court's November 21, 2022 order on summary judgment, the claims that remain for trial are sex trafficking as to Sun (18 U.S.C. §§ 1591, 1595), forced labor as to Sun (18 U.S.C. §§ 1589, 1595), gender violence as to Sun and Zhao (740 ILCS 82/5), involuntary servitude as to Sun (720 ILCS 5/10-9(b)), and negligent infliction of emotional distress as to Wang.  Xu's surviving counterclaims are for defamation against Sun and intentional infliction of emotional distress against Sun and Wang.

The jurisdiction of the Court is invoked based on subject matter jurisdiction (28 U.S.C. §§ 1331, 1589), supplemental jurisdiction (28 U.S.C. § 1367), the amount in dispute (28 U.S.C. § 1332), and diversity jurisdiction.  The jurisdiction of the Court is not disputed.

## II.    JOINT STATEMENT

### A.    *Jurisdiction*

The parties agree that this Court has jurisdiction based on subject matter jurisdiction (28 U.S.C. §§ 1331, 1589), supplemental jurisdiction (28 U.S.C. § 1367), the amount in dispute (28 U.S.C. § 1332), and diversity jurisdiction.

### B.    *Uncontested issues of fact*

The parties have discussed the question of uncontested issues of fact.  While there are facts that are not in dispute, the parties agree that those facts would necessarily be presented at trial even if a stipulation were entered.  For that reason, the parties are not stipulating to any facts.

### C.    *Contested issues of fact*

**Gary Gang Xu**

The parties contest the following material facts:

1.  Whether Sun's statements about Xu to *CBS This Morning* in her September 16, 2019, interview were extreme and outrageous.

2.  Whether Sun's statements about Xu to *CBS This Morning* in her September 16, 2019, interview were intended to cause Xu severe emotional distress or whether she knew that there was a high probability that her conduct would do so.

3.  Whether Sun's statements about Xu to *CBS This Morning* in her September 16, 2019, interview were defamatory.

4.  Whether Wang's statements about Xu in his March 10, 2018 post on Douban.com, which were subsequently republished on Zhihu.com, Transparent Earth, Weibo, and Ao Academy, were extreme and outrageous.

5.  Whether Xu has suffered severe emotional distress or other damages as a result of either Sun's or Wang's statements.

**Xingjian Sun**

The parties contest the following material facts:

1.  Whether Sun and Xu were ever in a sexual relationship, and whether that relationship was consensual.

2.  Whether Sun understood the meaning of "consensual" during her alleged relationship with Xu.

3.  Whether Xu professed his love for Sun during the fall 2013 meeting at Espresso Royale.

4.  Whether Xu repeatedly raped Sun.

5. Whether Xu repeatedly beat Sun, including by kicking her, slapping her face, and shoving her into walls.

6. Whether Xu verbally abused Sun, including by calling her a slut, calling her dirty because she was not a virgin, and insulting her family.

7. Whether, after allegedly raping Sun for the first time, Xu warned her not to report him to the school and the police and that, if she did so, she could be deported or lose her student visa.

8. Whether Xu used his authority over Sun as head of the EALC department – including by threatening to withhold a letter of recommendation if she rejected him – to entice her into continuing a sexual relationship with him.

9. Whether Xu used Sun's immigration status in the US as a foreign student to entice her into continuing a sexual relationship with him.

10. Whether Xu promised Sun a good grade in his class to entice her to have sex with him.

11. Whether Sun only came to view Xu as her "boyfriend" as a coping mechanism to try and normalize his rapes of her.

12. Whether Sun wanted to end her relationship with Xu but was unable to do so due to the power imbalance between herself and Xu.

13. Whether Sun became impregnated by Xu and whether Xu then forced Sun to have an abortion.

14. Whether Xu asked Sun to have sex with two artists at an art exhibition they both attended in Shanghai, China in August 2014.

15.  Whether Sun was injured as a proximate cause of Xu's conduct.

16.  Whether Xu's conduct against Sun was committed on the basis of her sex as a female.

**Xing Zhao**

The parties contest the following material facts:

1.  Whether Xu committed battery against Sun when he grabbed her on the shoulder in the stairwell at the Art Sanya exhibition in China.

2.  Whether Xu was attempting to kiss Zhao when he allegedly grabbed her shoulder in the stairwell.

3.  Whether, having seen Xu slap another young woman on the face, Zhao reasonably feared that Xu would become violent with her in the stairwell.

4.  Whether Zhao suffered injuries as a proximate cause of Xu's conduct.

5.  Whether Xu's conduct against Zhao was committed on the basis of her sex as a female.

**Ao Wang**

The parties contest the following material facts:

1.  Whether Xu owed Wang a legal duty.

2.  Whether Xu's conduct breached that duty.

3.  Whether Wang suffered emotional distress or other injury that was proximately caused by Xu's conduct.

C.   *Uncontested issues of law*

1.   The parties agree that the issue of damages (emotional distress, back pay, future economic damages, and punitive damages) is to be decided by the jury in the course of trial.

2.   The parties agree that there are the following issues for the jury to decide:

   a.   Whether Xu's alleged treatment of Sun constituted sex trafficking in violation of 18 U.S.C. §1591;

   b.   Whether Xu's alleged treatment of Sun constituted forced labor in violation of 18 U.S.C. §1589;

   c.   Whether Xu's alleged treatment of Sun constituted gender violence in violation of 740 ILCS 82/5;

   d.   Whether Xu's alleged treatment of Sun constituted involuntary servitude in violation of 720 ILCS 5/10-9(b);

   e.   Whether Xu's alleged treatment of Zhao constituted gender violence in violation of 740 ILCS 82/5;

   f.   Whether Xu's alleged conduct toward Wang constituted negligent infliction of emotional distress;

   g.   Whether Sun's statements to *CBS Morning News* constituted defamation;

   h.   Whether Sun's statements to *CBS Morning News* constituted intentional infliction of emotional distress against Xu;

      i.    Whether Wang's statements on Zhihu.com,  Douban.com, Weibo and on WeChat platforms Transparent Earth and Ao Academy constituted intentional infliction of emotional distress against Xu; and

      j.    If the jury finds in any of the parties' favor on any of the above claims, the amount of compensatory damages (emotional distress, mental anguish, etc.), back pay, future economic damages, punitive damages, and pre- and post-judgment interest that each party is entitled to recover.

    D.    *Contested issues of law*

The parties contest the following issues of law:

   1.    The parties dispute selected jury instructions, as outlined in their submissions.

   2.    To the extent that it is necessary to preserve their respective rights to appeal, the parties each dispute issues resolved by the summary judgment opinion.  This having been said, the parties recognize that, for the purpose of the trial of this case, the issues that will remain for trial are governed by the Court's summary judgment order (ECF No. 102).

    E.    *Jury demand*

All parties have previously made a demand that their claims be tried by a jury.  Because no waiver of that demand has been made, this proceeding shall be tried before a jury.

### III.    PLAINTIFFS' STATEMENT

    A.    *Itemized statement of damages*

Sun seeks damages for emotional distress, lost wages to date, future economic damages, punitive damages, pre- and post-judgment interest, and attorneys' fees and costs.

Zhao seeks damages for emotional distress, lost wages to date, future economic damages, punitive damages, pre- and post-judgment interest, and attorneys' fees and costs.

Wang seeks damages for emotional distress, punitive damages, pre- and post-judgment interest, and attorneys' fees and costs.

## IV.    COUNTER-PLAINTIFF'S STATEMENT

A.    *Itemized Statement of Damages*

Xu seeks damages for severe emotional distress, lost wages, loss of reputation and good name.

## V. EXHIBITS ATTACHED

A. *Plaintiffs' witness lists*

B. *Defendant's witness list*

C. *Plaintiffs' exhibit lists*

D. *Defendant's exhibit list*

E. *Proposed joint jury instructions*

F. *List of plaintiffs' demonstrative aids*

# Exhibit A: Plaintiffs' witness lists

**WITNESS LIST FOR PLAINTIFF XINGJIAN SUN**

| **Case Name:** *Sun, et al. v. Xu* | **Case No.:** 2:19-cv-2242-EIL | Page 1 of 1 |
|---|---|---|

| **Witness Name** | **Address (City and State Only)** | **Expert** | **Adverse** |
|---|---|---|---|
| Xingjian Sun[1] | Shanghai, China | | |
| Gary Gang Xu | Niles, Illinois | | Yes |
| Dr. Lynn Ponton | San Francisco, California | Yes | |
| Kaamilyah Abdullah-Span | Urbana-Champaign, Illinois | | |
| Julian Parrott | Urbana-Champaign, Illinois | | |
| Wayland Morgan | West Lafayette, Indiana | | |

---

[1] Ms. Sun currently lives in China and has not been able to obtain the proper travel paperwork to attend the trial in person. A motion addressing this issue is before the Court. *See* Dkt. 106.

2

## WITNESS LIST FOR PLAINTIFF XING ZHAO

| **Case Name:** *Sun, et al. v. Xu* | **Case No.:** 2:19-cv-2242-EIL | Page 1 of 1 |
|---|---|---|

| Witness Name | Address (City and State Only) | Expert | Adverse |
|---|---|---|---|
| Xing Zhao[2] | Nanjing, China | | |
| Gary Gang Xu | Niles, Illinois | | Yes |
| Dr. Lynn Ponton | San Francisco, California | Yes | |

---

[2] Ms. Zhao currently lives in China and has not been able to obtain the proper travel paperwork to attend the trial in person. A motion addressing this issue is before the Court. *See* Dkt. 106.

**WITNESS LIST FOR PLAINTIFF AO WANG**

| **Case Name:** *Sun, et al. v. Xu* | **Case No.:** 2:19-cv-2242-EIL | Page 1 of 1 |
|---|---|---|

| **Witness Name** | **Address (City and State Only)** | **Expert** | **Adverse** |
|---|---|---|---|
| Ao Wang | West Lebanon, New Hampshire | | |
| Gary Gang Xu | Niles, Illinois | | Yes |
| Dr. Drew Barzman | Cincinnati, Ohio | Yes | |

4

**Exhibit B: Defendant's witness list**

**WITNESS LIST FOR DEFENDANT GARY GANG XU**

| **Case Name:** *Sun, et al. v. Xu* | **Case No.:** 2:19-cv-2242-EIL | Page 1 of 1 |
|---|---|---|

| **Witness Name** | **Address (City and State Only)** | **Expert** | **Adverse** |
|---|---|---|---|
| Gary Gang Xu | Niles, Illinois | | |
| Ao Wang | West Lebanon, New Hampshire | | Yes |
| Xingjian Sun | Shanghai, China (appearing via video recording) | | Yes |
| Xing Zhao | Nanjing, China (appearing via video recording) | | Yes |
| Officer John McAllister | Champaign, IL | | |

**Exhibit C: Plaintiffs' exhibit lists**

**EXHIBIT LIST FOR PLAINTIFF XINGJIAN SUN**

| Case Name: *Sun, et al. v. Xu* | Case No.: 2:19-cv-2242 | Page 1 of 1 |
|---|---|---|

| No.: | Description | Admit Without Objection | Authentication Waived | Objection |
|---|---|---|---|---|
| Sun 1 | Protective Order | | | |
| Sun 2 | Photo of Sun's black eye | | | |
| Sun 3 | Photo of Sun and Xu together ("Why snoring like singing?") | | | |
| Sun 4 | Photo of Sun and Xu together ("Sprinkles gelato") | | | |
| Sun 5 | Certified Phone Records of Gary Gang Xu | | | |
| Sun 6 | Photo of Gary Xu in a face mask on couch | | | |
| Sun 7 | Photo of cat on couch | | | |

## EXHIBIT LIST FOR PLAINTIFF XING ZHAO

| Case Name: *Sun, et al. v. Xu* | Case No.: 2:19-cv-2242 | Page 1 of 1 |
| --- | --- | --- |

| No.: | Description | Admit Without Objection | Authentication Waived | Objection |
| --- | --- | --- | --- | --- |
| None | | | | |

**EXHIBIT LIST FOR PLAINTIFF AO WANG**

| Case Name: *Sun, et al. v. Xu* | Case No.: 2:19-cv-2242 | Page 1 of 1 |
|---|---|---|

| No.: | Description | Admit Without Objection | Authentication Waived | Objection |
|---|---|---|---|---|
| Wang 1 | Zhihu post<br>Sun, et al.  000150-153 | | | |
| Wang 2 | E-mails between Wang and Xu<br>Sun, et al._000193-203 | | | |
| Wang 3 | Middlesex Health records | | | Hearsay |

Exhibit D: Defendant's exhibit
list

## EXHIBIT LIST FOR DEFENDANT GARY GANG XU

Case Name: *Sun, et al. v. Xu*     Case No.: 2:19-cv-2242     Page 1 of 1

| No.: | Description | Admit Without Objection | Authentication Waived | Objection |
|---|---|---|---|---|
| Xu 1 | Court Docket 2015-OP-357 (015-016) | | | |
| Xu2 | Wang Online Posts and Gary emails (0153-156; 0196-206) | | | |
| Xu3 | Xu attorney letter to Wang 03.16.18 (Sun 0208) | | | Inadmissable hearsay |
| Xu4 | Kaamilyah Abdullah-Span e-mail of Sun's retraction of allegations (0290) | | | |
| Xu5 | Sun's email retraction 11.04.15 (Sun 0138) (Exhibit T of UIUC report) | | | |
| Xu6 | Sun's retraction (Sun 0140-142) (Exhibit U of UIUC report) | | | |
| Xu7 | Sun email to Abdullah-Span retracting allegations 05.16.16 (Sun 144-146) (Exhibit V to UIUC report) | | | |
| Xu8 | Chief Cobb letter of August 18, 2014 (009) | | | Inadmissable hearsay |
| Xu9 | Champaign Police Report incident 4/25/2014 (Sun 0088) | | | Inadmissable hearsay; cumulative |
| Xu10 | Sun threatening texts to Xu, Xu post to Weibo about them (0411-414, 0372) | | | Lack of foundation and hearsay (as to translated part) |
| Xu 11 | CBS News video interview of Sun, 9/16/19 | | | |
| Xu12 | CBS News online article accompanying video interview | | | |

**Exhibit E: Proposed joint jury instructions**

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| XINGJIAN SUN, XING ZHAO, | ) | |
| and AO WANG, | ) | |
|     Plaintiffs/Counter-defendants, | ) | |
|     v. | ) | Case No.: 2:19-cv-2242 |
| GARY GANG XU, | ) | |
|     Defendant/Counter-plaintiff. | ) | |

**Parties' Proposed Joint Jury Instructions**

The Plaintiffs/Counter-defendants, by counsel, and the Defendant/Counter-plaintiff, by counsel, submit the following proposed Joint Jury Instructions.


/s/ Jonathan Little
Annemarie Alonso
Saeed & Little, LLP
Attorney for Plaintiffs/Counter-
defendants

/s/ James A. Martinkus
Erwin, Martinkus & Cole, Ltd
Attorney for Defendant/Counter-plaintiff

Instruction 1

Before opening statements, I will instruct you as to the law and your duties.

The law regarding this case is contained in the instructions I will give to you. I will give some instructions now and all of the instructions at the close of evidence, before you retire to make your decision. You must consider the Court's instructions as a whole, not picking out some instructions and disregarding others.

It is your duty to resolve this case by determining the facts based on the evidence and following the law given in the instructions. Your verdict must not be based upon speculation, prejudice, or sympathy. Each party, whether a bankruptcy trustee, partnership, or an individual, should receive your same fair consideration. My rulings, remarks or instructions do not indicate any opinion as to the facts.

You will decide what facts have been proven. Facts may be proven by evidence or reasonable inferences drawn from the evidence. Evidence consists of the testimony of witnesses you will hear and of exhibits admitted by the court. You should consider all the evidence without regard to which party produced it. You may use common sense gained from your experiences in life, in evaluating what you see and hear during trial.

You are the only judges of the credibility of the witnesses. You will decide the weight to be given to the testimony of each of them. In evaluating the credibility of a witness, you may consider that witness' ability and opportunity to observe, memory, manner, interest, bias, qualifications, experience, and any previous inconsistent statement or act by the witness concerning an issue important to the case.

You should not do any independent investigation or research on any subject relating to the case. What you may see or hear outside the courtroom is not evidence. This includes any press, radio, or television programs and it also includes any information available on the Internet. Such programs, reports, and information are not evidence and your verdict must not be influenced in any way by such material.

For example, you must not use the Internet, including Google, Wikipedia, any social media sites, or any other sources that you might use every day, to search for any information about the case, or the law which applies to the case, or the people involved in the case, including the parties, witnesses, lawyers, and judge.

During the course of the trial, do not discuss this case with anyone — not even your own families or friends, and also not even among yourselves — until the end of the trial when you have retired to the jury room to deliberate on your verdict. Even though this is hard to do, it will be a violation of these instructions and your oath if you discuss the case with anyone else.

You must not provide any information about the case to anyone by any means at all, and this includes posting information about the case, or your thoughts about it, on any device or Internet site, including blogs, or any social-networking websites, such as Twitter, Facebook or Instagram, or any other means.

You cannot use any electronic devices or services to communicate about this case, including cell-phones, smart-phones, lap-tops, the Internet, and any other tools of technology. The use of any such devices or services in connection with your duties is prohibited.

The reason for these instructions is that your verdict must be based only on the evidence presented in this courtroom and the law will provide to you in my instructions. It would be unfair to the parties and a violation of your oath to base your decision on information from outside this courtroom. If you become aware of any violation of these instructions, it is your legal duty to report this to me immediately.

Disobeying these instructions could cause a mistrial, meaning all of our efforts have been wasted and we would have to start over again with a new trial. If you violate these instructions you could be found in contempt of court.

Pay close attention to the testimony as it is given. At the end of the trial you must make your decision based on what you recall of the evidence. You will not receive a written transcript of the testimony when you retire to the jury room.

An opening statement is what an attorney expects the evidence will be. A closing argument is given at the conclusion of the case and is a summary of what an attorney contends the evidence has shown. If any statement or argument of an attorney is not supported by the law or the evidence, you should disregard that statement or argument.

During this trial, you may be permitted to ask questions of certain witnesses, but you must follow the procedures that I describe:

If you have a question for a witness and you believe the answer would be helpful to you in understanding the case, then after the lawyers have completed their questions, but before that witness is excused, I will give you a chance to submit your question in writing.

I will have you write your question on a piece of paper and hand it to the bailiff. You should not write your name or juror number with the question. Also, you should not discuss your questions with your fellow jurors at this time.

You may submit one or more questions or no question at all. It is up to you. Please keep in mind, though, that you should only ask a question if you think it is important to your ability to decide the issues in this case fairly. You should be sure you are asking a question and not making a comment. You should not use your questions to argue with a witness or to express opinions about a witness's testimony. Your role is to be an impartial fact-finder. The purpose of your question should be to clarify testimony that you have not understood or that has failed to address a factual question that you believe is important.

After the bailiff has collected the pieces of paper and given them to me, I will decide whether the law allows the question to be asked of the witness. Not all questions can be asked or asked using the wording that was submitted. The rules of evidence might not permit me to ask your question. You shall not concern yourself with the reason for the exclusion or modification of any question submitted. If I cannot ask your question or if I rephrase it, please do not be offended and do not let it affect your judgment of the evidence or the witness in any way.

If the question is allowed, I will ask the question of the witness and the attorneys may then ask some follow-up questions. Please do not speak directly to me, the lawyers, or the witnesses.

Instruction 2

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys.  Now I will instruct you on the law.

You have two duties as a jury.  Your first duty is to decide the facts from the evidence in the case.  This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts.  You must follow these instructions, even if you disagree with them.  Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

Instruction 3

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

Instruction 4

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true.

Instruction 5

During the trial, certain testimony was presented to you by video. You should give this testimony the same consideration you would give it had the witness appeared and testified here in court.

Instruction No. 6

Certain things are not to be considered as evidence.  I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.  This includes any press, radio, Internet or television reports you may have seen or heard.  Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence.  Lawyers have a duty to object when they believe a question is improper.  You should not be influenced by any objection, and you should not infer from my rulings that I have any review as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence.  Their purpose is to discuss the issues and the evidence.  If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Instruction No. 7

Any notes you have taken during this trial are only aids to your memory.  The notes are not evidence.  If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

Instruction No. 8

In determining whether any fact has been proved, you should consider all of the

evidence bearing on the question regardless of who introduced it.

Instruction No. 9

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

Instruction No. 10

In this case, Counter-plaintiff, Gary Gang Xu, has raised the claims of Intentional Infliction of Emotional Distress and Defamation against Counter-defendant, Xingjian Sun. He has also raised the claim of Intentional Infliction of Emotional Distress against Counter-defendant, Ao Wang.

You must carefully consider the requirements of each claim and determine whether the Counter-plaintiff has presented sufficient evidence to separately support each claim asserted.

Instruction No. 11

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference."  A jury is allowed to make reasonable inferences.  Any inference you make must be reasonable and must be based on the evidence in the case.

Instruction No. 12

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact.  Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining."  <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

Instruction No. 13

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all.  You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

Instruction No. 14

You may consider statements given by a witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath that is inconsistent with his testimony here in court, you may consider the earlier statement only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

Instruction No. 15

It is proper for a lawyer to meet with any witness in preparation for trial.

Instruction No. 16

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number.  You need not accept the testimony of the larger number of witnesses.

Instruction No. 17

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial.  Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

Instruction No. 18

You have heard witnesses give opinions about matters requiring special knowledge or skill.  You should judge this testimony in the same way that you judge the testimony of any other witness.  The fact that such person has given an opinion does not mean that you are required to accept it.  Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

Instruction No. 19

You must give separate consideration to each claim and each party in this case. Although there are 3 plaintiffs, it does not follow that if one prevails, any of the others also prevail. Similarly, it does not follow that if Counter-plaintiff prevails against either of the Counter-defendants that he then prevails against the other.

Instruction No. 20

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Instruction No. 21

If you decide for the defendant on the question of liability, then you should not consider the question of damages. Similarly, if you decide for either of the Counter-defendants on the question of liability then you should not consider the question of damages for that Counter-defendant.

Instruction No. 22

Upon retiring to the jury room, you must select a presiding juror.  The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

Instruction No. 23

I do not anticipate that you will need to communicate with me.  If you do need to communicate with me, the only proper way is in writing.  The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror.  The writing should be given to the marshal, who will give it to me.  I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division, is, if any.

Instruction No. 24

The verdicts must represent the considered judgment of each juror.  Your verdicts, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict.  In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors.  Discuss your differences with an open mind.  Do not hesitate to re-examine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.  You are impartial judges of the facts.

Instruction No. 25

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier.  Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else.  If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately.  Do not read or listen to any news reports of the trial.  Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

I may not repeat these things to you before every break that we take but keep them in mind throughout the trial.

Instruction No. 26

You must not read anything or listen to anything or watch anything with regard to this trial.  It would be a violation of your oath as jurors to decide this case on anything other than the evidence presented at trial and your common sense.  You must decide the case solely and exclusively on the evidence that will be received here in court.

Instruction No. 27

If you find for any of the Plaintiffs, or for the Counter-plaintiff, you may, but are not required to, assess punitive damages against the Defendant or any of the Counter-defendants. The purposes of punitive damages are to punish the Defendant or any of the Counter-defendants for his or her conduct and to serve as an example or warning to Defendant or any of Counter-defendants and others not to engage in similar conduct in the32uturee.

Plaintiffs and Counter-plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against the Defendant or any of the Counter-defendants. You may assess punitive damages only if you find that the conduct of the Defendant or any of the Counter-defendants was in reckless disregard of any of the Plaintiff's rights or of the Counter-plaintiff's rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either or any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendant's or of any Counter-defendants' conduct;

- the impact of Defendant's or of Counter-defendants' conduct on the particular Plaintiff or on the Counter-plaintiff;

- the relationship between the Plaintiffs and Defendant and the Counter-plaintiff and any of the Counter-defendants;

- the likelihood that Defendant or any of the Counter-defendants would repeat the conduct if an award of punitive damages is not made;

- the relationship of any award of punitive damages to the amount of actual harm any Plaintiff or the Counter-plaintiff suffered;

Instruction No. 28

When I use the expression "proximate cause," I mean any cause which, in natural or probable sequence, produced the injury complained of.  It need not be the only cause, nor the last or nearest cause.  It is sufficient if it concurs with some other cause acting at the same time, which in combination with it, causes the injury.

Instruction No. 29

Defamation is the publication of a false statement that tends to harm a person's reputation to the extent that it lowers that person in the eyes of the community or deters others from associating with that person.

Instruction No. 30

Defamation *per se* is committed when a person makes a false statement concerning another that imputes the commission of a criminal offense, and there was an unprivileged publication of that statement to a third party. If the statement is defamatory *per se*, actual damages are presumed.

Instruction No. 31

One who publishes a defamatory statement of fact is not liable if the statement is
true.

Instruction No. 32

Any act by which a defamatory matter is communicated to someone other than the person defamed is a publication.

Instruction 33

In this case, the Plaintiffs have raised some claims arising under federal law and other claims arising under state law.  Plaintiff Xingjian "Vina" Sun has asserted two claims under federal law and two claims under Illinois state law.  Plaintiff Xing "Ely" Zhao has one claim under Illinois state law.  Plaintiff Ao Wang has asserted one claim arising under Illinois state law.

At times, Plaintiffs' federal and state claims may be based on the same or substantially similar evidence.  A violation of federal law does not necessarily mean that state law has also been violated, and vice versa.  You must carefully consider the requirements for each claim and determine whether the Plaintiffs have presented sufficient evidence to separately support each claim asserted.

Instruction 34

Sun's first claim arising under federal law is for unlawful sex trafficking under the Trafficking Victims Protection Act, 18 U.S.C. § 1591.  To succeed on this claim, Sun must prove by a preponderance of the evidence the following:

(1) Xu knowingly recruited, enticed, transported, provided, obtained, and/or maintained Sun;

(2) Xu knew or recklessly disregarded the fact that force, threats of force, fraud and/or coercion would be used to cause Sun to engage in a commercial sex act; and

(3) Xu's actions were in or affecting interstate or foreign commerce.

Instruction 35

Sun's second claim arising under federal law is for unlawful forced labor under the Trafficking Victims Protection Act, 18 U.S.C. § 1589. To succeed on this claim, Sun must prove by a preponderance of the evidence the following:

    (1) Xu provided or obtained the labor or services of Sun;

    (2) By any one of, or by any combination of, the following means:

        a.  by means of force, threats of force, physical restraint, or threats of physical restraint to Sun or another person;

        b.  by means of serious harm or threats of serious harm to Sun or another person;

        c.  by means of the abuse or threatened abuse of law or legal process; or

        d.  by means of any scheme, plan, or pattern intended to cause Sun to believe that if she did not perform such labor or services, she or another person would suffer serious harm or physical restraint; and

    (3) Xu acted knowingly.

Instruction 36

Sun's first claim under Illinois state law is brought under the Illinois Gender Violence Act.  To succeed on this claim, Sun must prove by a preponderance of the evidence that Gary Xu subjected her to gender-related violence.

Gender-related violence is a form of sex discrimination made up of one or more acts of battery committed, at least in part, because Sun is a female.

Under Illinois state law, a battery is any nonconsensual touching of, or use of force against, the body of another with the intent to cause harmful or offensive contact.  For purposes of Sun's claim, an act of gender-related violence includes any nonconsensual physical intrusion or physical invasion of a sexual nature under coercive conditions and any threat of harmful or offensive physical or sexual contact causing Sun to have a realistic apprehension that Xu will commit the act threatened, even if no physical contact was made.

If you find that Xu committed a battery against Sun because she was female, Xu has committed gender related violence.

.

Instruction 37

Sun's second claim under Illinois state law is for involuntary servitude under the Illinois Involuntary Servitude statute.  To succeed on this claim, Sun must prove by a preponderance of the evidence the following:

Xu knowingly subjected, attempted to subject, or engaged in a conspiracy to subject Sun to labor or services obtained or maintained through any of the following means, or any combination of these means:

(1) causing or threatening to cause physical harm to any person;

(2) physically restraining or threatening to physically restrain any person;

(3) abusing or threatening to abuse the law or legal process;

(4) knowingly destroying, concealing, removing, confiscating, or possessing any actual or purported passport or other immigration document, or any other actual or purported government identification document, of another person;

(5) using intimidation, or exerting financial control over any person; or

(6) using any scheme, plan, or pattern intended to cause the person to believe that, if the person did not perform the labor or services, that person or another person would suffer serious harm or physical restraint.

The term "labor" means work of economic or financial value.

The term "services" means activities resulting from a relationship between a person and the actor in which the person performs activities under the supervision of or for the benefit of the actor. Commercial sexual activity and sexually explicit performances are forms of activities that are "services" under this claim.

The term "commercial sexual activity" means any sex act on account of which anything of value is given, promised to, or received by any person.

A person commits intimidation when, with intent to cause another to perform or to omit the performance of any act, he or she communicates to another, directly or indirectly by any means, a threat to perform without lawful authority any of the following acts:

(1) Inflict physical harm on the person threatened or any other person or on property; or

(2) Subject any person to physical confinement or restraint; or

(3) Expose any person to hatred, contempt or ridicule;

Instruction 38

Zhao's claim under Illinois state law is brought under the Illinois Gender Violence Act. To succeed on this claim, Zhao must prove by a preponderance of the evidence that Gary Xu subjected her to gender-related violence.

Gender-related violence is a form of sex discrimination made up of one or more acts of battery committed, at least in part, because Zhao is a female.

Under Illinois state law, a battery is any nonconsensual touching of, or use of force against, the body of another with the intent to cause harmful or offensive contact.  For purposes of Zhao's claim, an act of gender-related violence includes any nonconsensual physical intrusion or physical invasion of a sexual nature under coercive conditions and any threat of harmful or offensive physical or sexual contact causing Zhao to have a realistic apprehension that Xu will commit the act threatened, even if no physical contact was made.

If you find that Xu committed a battery against Zhao because she was female, Xu has committed gender related violence.

Instruction 39

Wang's claim against Xu is for negligent infliction of emotional distress.  To succeed on this claim, Plaintiff Wang must prove by a preponderance of the evidence the following:

(1) Xu owed Wang a duty to protect him from injury;

(2) Xu breached that duty; and

(3) Wang suffered a contemporaneous physical injury or physical impact that was the proximate cause of that breach.

In ordinary negligence cases, determinations of whether the defendant owed the plaintiff a duty is informed by "various policy considerations, such as the likelihood of harm, the gravity of the injury, the burden of guarding against the injury, and the relationship between the parties."

Instruction 40

When I use the expression "willful and wanton conduct" I mean a course of action which shows actual or deliberate intention to harm, or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others.

Instruction No. 41

Counterclaim I

As for Gary Gang Xu's Counterclaim I against Xingjian Sun for intentional infliction of emotional distress, Xu  claims that he was injured, and sustained damages and the conduct of Sun was willful and wanton and extreme and outrageous and that sun intended that her conduct inflict severe emotional distress or knew that there was a high probability that her conduct would cause severe emotional distress in one or more of the following respects:

1.  Sun communicated false statements to third parties about Gary Gang Xu impugning his character and implying and stating outright that he had caused her physical harm thereby accusing Gary Gang Xu of a crime in that she participated in a CBS Morning News filmed interview that was published on September 16, 2019, in which she says that Xu beat her and raped her countless times and that Xu tried to kill her by running her down with his car.

2.  On April 24, 2014, Sun sent a series of text messages to Xu via his mobile phone, threatening to kill his entire family. The original text message is in Chinese. The English translation is:

> "Are you psycho? Pick up the phone! If you don't pick up the phone, today I am going to drive there and knife your entire family to death! Pick up the phone you mother-fucker! Fuck you, you mother fucker, pick up the phone, fuck you!

Gary Gang Xu further claims that her conduct caused him severe emotional distress and the foregoing was a proximate cause of his injuries.

Sun admits that she made the statements claimed by Xu but denies that her statements were false or that they were extreme and outrageous or willful and wanton. Sun further denies that she intended to cause Xu severe emotional distress or that she knew that there was a high probability that her conduct would do so.

Sun further denies that her conduct was a proximate cause of his injuries.

Instruction No. 42

Counterclaim II

As for Gary Gang Xu's Counterclaim II against Sun for defamation, Xu claims that he was injured, and sustained damages and the conduct of Xingjian Sun was false and defamatory in one or more of the following respects:

1.  Sun published false and defamatory statements to third parties about Gary Gang Xu impugning his character and implying and stating outright that he had raped her and caused her physical harm thereby accusing Gary Gang Xu of a crime in that she participated in a CBS Morning News filmed interview that was published on September 16, 2019, in which she says that Xu beat her and raped her countless times and that Xu tried to kill her by running her down with his car.

Gary Gang Xu further claims that Sun made unprivileged statements during the interview that were defamatory *per se* because the words used are so obviously and materially harmful to Xu that injury to his reputation may be presumed or apparent on its face as Sun's statements imputed the commission of one or more criminal offenses.

Gary Gang Xu further claims that he was injured by Xingjian Sun's actions and the foregoing was a proximate cause of his injuries.

Xingjian Sun admits that she made the statements claimed by Xu but denies that her statements were false.

She further denies that her conduct was a proximate cause of his injuries.

Instruction No. 43

As to Counterclaim III

As for Gary Gang Xu's Counterclaim III of intentional infliction of emotional distress against Ao Wang, Xu claims that he was injured, and sustained damages and the conduct of Wang was willful and wanton and extreme and outrageous in one or more of the following respects:

1.   On March 12, 2018, Wang published an online post on the social media platform called Zhihu in which he cited to posts he made to another online social medial platform called Douban that was titled, "About school campus sexual assault offenders, what I saw, what I thought, what I can do." Wang posted that, "This person has a history of bad behaviors, has been sexually assaulting students for nearly 20 years, and has finally been forced to change schools." The post continues that, "This person is Xu Gang." "His English name is Gary Xu, Associate Professor of the East Asian Institute of the University of Illinois, Urbana-Champaign." The post continued that Wang had published the accusations to, "expose [Xu's] sexual harassment and threat, and use of violent measures against students for nearly 20 years."  The post continued that "Friends who have suffered Xu Gang's sexual assault/sexual harassment, or anyone with information, may contact me on a voluntary basis. Let's handle this thing right." Wang's announcement further stated that he had made posts on social media platforms including Douban and Zhihu to "expose [Xu's] sexual harassment and threat, and use of violent measures against students for nearly 20 years."

2.   From March 11, 2018 through March 19, 2018, Wang published posts, broadcasts, referrals, and retransmissions, mentioning repeatedly that Xu had committed "sexual assault" and "sexual harassment" of women. The posts includes statements such as, "I have known about his history of sexual assault/sexual harassment of female students for nearly 20 years, including targeting female teachers"  and statements such as, "Xu Gang, why is it that you have a habit of beating people?"

3.   During the same period of time, Wang retransmitted a question on the platform Zhihu, "What do you think of Profesor Wang Ao of Wesleyan University issuing a warning that Xu Gang of UIUC is a repeat sexual assault offender?" and answered it by reposting his statements made above.

4.   From March 11, 2018 through March 19, 2018, Wang reposted on the social medial platform Zhihu, the statement, "Announcement of Collecting Information regarding Xu Gang's Misconduct".

5.    During the same period of time, Wang published several posts on the social medial platform Weibo which mention that Xu had committed sexual assault and sexual harassment of women. Wang further reposted his Answer stated on Zhihu and his "Announcement".

6.   Wang posted that he was trained in Thai boxing and that he was ready and able to "beat him up" meaning Xu.

Gary Gang Xu further claims that he was injured by Wang's actions and the foregoing was a proximate cause of his injuries.

Wang admits to writing his online statements and posts knowingly but denies that his statements were false or that they were extreme and outrageous or willful or wanton. Wang further denies that he intended to cause Xu severe emotional distress or that he knew that there was a high probability that his conduct would do so.

Wang further denies that his conduct was a proximate cause of his injuries.

Instruction No. 44

Counterclaim I

Gary Gang Xu has the burden of proving each of the following propositions:

First, that Xingjian Sun acted in one of the ways claimed by the Gary Gang Xu as stated to you in these instructions and that in so acting Xingjian Sun caused intentional infliction of emotional distress to Xu.

Second, that Xu was damaged.

Third, that the intentional infliction of emotional distress by Sun was a proximate cause of the damage to Xu.

If you find from your consideration of all the evidence that any one of the propositions Xu is required to prove has not been proved, then your verdict shall be for Sun. If, on the other hand, you find from your consideration of all the evidence that each of the propositions required of Xu has been proved then your verdict shall be for Xu.

Instruction No. 45

Counterclaim II

Gary Gang Xu has the burden of proving each of the following propositions:

First, that Xingjian Sun acted in one of the ways claimed by the Gary Gang Xu as stated to you in these instructions and that in so acting Xingjian Sun committed defamation.

Second, that Xu was damaged.

Third, that the defamation by Sun was a proximate cause of the damage to Xu.

If you find from your consideration of all the evidence that any one of the propositions Xu is required to prove has not been proved, then your verdict shall be for Sun. If, on the other hand, you find from your consideration of all the evidence that each of the propositions required of Xu has been proved then your verdict shall be for Xu.

Instruction No. 46

Counterclaim III

Gary Gang Xu has the burden of proving each of the following propositions:

First, that Ao Wang acted in one of the ways claimed by the Gary Gang Xu as stated to you in these instructions and that in so acting Wang caused intentional infliction of emotional distress to Xu.

Second, that Xu was damaged.

Third, that the intentional infliction of emotional distress by Wang was a proximate cause of the damage to Xu.

If you find from your consideration of all the evidence that any one of the propositions that Xu is required to prove has not been proved, then your verdict shall be for Wang. If, on the other hand, you find from your consideration of all the evidence that each of the propositions required of Xu has been proved, then your verdict shall be for Xu.

Instruction No. 47

When you retire to the jury room you will first select a foreperson. He or she will preside during your deliberations.

Your verdict must be unanimous.

Forms of verdicts are supplied with these instructions. After you have reached your verdict, fill in and sign the appropriate forms of verdict and return it to the court. Your verdict must be signed by each of you. You should not write or mark upon this or any of the other instructions given to you by the court.

As to Xingjian Sun's claim for sex trafficking, you should use Verdict Form A.

As to Xingjian Sun's claim for forced labor, you should use Verdict Form B.

As to Xingjian Sun's claim for gender-related violence, you should use Verdict Form C.

As to Xingjian Sun's claim for involuntary servitude, you should use Verdict Form D.

As to Xing Zhao's claim for gender-related violence you should use Verdict Form E.

As to Ao Wang's claim for negligent infliction of emotional distress, you should use Verdict Form F.

Counter-plaintiff Xu's Counterclaim I

As to the claim of Counter-plaintiff, Gary Gang Xu, that Counter-defendant Xingjian Sun intentionally inflicted emotional distress upon him, you should use Verdict Form G.

Counter-plaintiff Xu's Counterclaim II

As to the claim of Counter-plaintiff Gary Gang Xu that Counter-defendant Xingjian Sun defamed him, you should use Verdict Form H.

Counter-plaintiff Xu's Counterclaim IV

As to the claim of Counter-plaintiff Gary Gang Xu that Counter-defendant Ao Wang intentionally inflicted emotional distress upon him, you should use Verdict Form I.

## Verdict Form A

1. Has Plaintiff Xingjian Sun proved by a preponderance of the evidence that the Defendant Gary Xu committed sex trafficking?

   Yes ___    No _____


2. If yes, we the jury assess compensatory damages in the amount of  $_____.

3. If yes, do you assess punitive damages?

   Yes ___    No ___

4. If yes, we the jury assess punitive damages in the amount of $_____.


Dated this ____ day of January, 2023.


_____          _____

Foreperson                    Date

_____          _____


_____          _____


_____          _____


_____          _____

### Verdict Form B

1. Has Plaintiff Xingjian Sun proved by a preponderance of the evidence that the Defendant Gary Xu committed forced labor?

   Yes _____  No _____

2. If yes, we the jury assess compensatory damages in the amount of  $_____.

3. If yes, do you assess punitive damages?

   Yes ____  No ____

4. If yes, we the jury assess punitive damages in the amount of $_____.

Dated this _____ day of January, 2023.

_____     _____

Foreperson                    Date

_____     _____

_____     _____

_____     _____

_____     _____

## Verdict Form C

1.  Has Plaintiff Xingjian Sun proved by a preponderance of the evidence that the Defendant Gary Xu subjected her to gender-related violence?

    Yes _____ No _____

2.  If yes, we the jury assess compensatory damages in the amount of  $_____.

3.  If yes, do you assess punitive damages?

    Yes ____ No ____

4.  If yes, we the jury assess punitive damages in the amount of $_____.

Dated this _____ day of January, 2023.

_____          _____

Foreperson                          Date

_____          _____

_____          _____

_____          _____

_____          _____

## Verdict Form D

1. Has Plaintiff Xingjian Sun proved by a preponderance of the evidence that the Defendant Gary Xu committed involuntary servitude?

   Yes _____ No _____


2. If yes, we the jury assess compensatory damages in the amount of  $_____.

3. If yes, do you assess punitive damages?

   Yes ___    No ___


4. If yes, we the jury assess punitive damages in the amount of $_____.


Dated this _____ day of January, 2023.


_____          _____
Foreperson                    Date

_____          _____


_____          _____


_____          _____


_____          _____

## Verdict Form E

1. Has Plaintiff Xing Zhao proved by a preponderance of the evidence that the Defendant Gary Xu subjected her to gender-related violence?

   Yes _____ No _____


2. If yes, we the jury assess compensatory damages in the amount of  $_____.

3. If yes, do you assess punitive damages?

   Yes ____   No ____

4. If yes, we the jury assess punitive damages in the amount of $_____.


Dated this _____ day of January, 2023.


_____         _____

Foreperson                      Date

_____         _____


_____         _____


_____         _____


_____         _____

## Verdict Form F

1.  Has Plaintiff AO Wang proved by a preponderance of the evidence that the Defendant Gary Xu negligently inflicted emotional distress upon him?

    Yes _____ No _____

2.  If yes, we the jury assess compensatory damages in the amount of  $_____.

3.  If yes, do you assess punitive damages?

    Yes ____ No ____

4.  If yes, we the jury assess punitive damages in the amount of $_____.


Dated this _____ day of January, 2023.


_____          _____

Foreperson                    Date

_____          _____


_____          _____


_____          _____


_____          _____

## Verdict Form G

1.  Has Counter Plaintiff Gary Xu proved by a preponderance of the evidence that the Counter Defendant Xingjian Sun intentionally inflicted emotional distress upon him?

    Yes _____  No _____

2.  If yes, we the jury assess compensatory damages in the amount of  $_____.

3.  If yes, do you assess punitive damages?

    Yes ____  No ____

4.  If yes, we the jury assess punitive damages in the amount of $_____.


Dated this _____ day of January, 2023.


_____        _____

Foreperson                    Date

_____        _____


_____        _____


_____        _____


_____        _____

## Verdict Form H

1. Has Counter Plaintiff Gary Xu proved by a preponderance of the evidence that the Counter Defendant Xingjian Sun defamed him?

   Yes _____ No _____

2. If yes, we the jury assess compensatory damages in the amount of  $_____.

3. If yes, do you assess punitive damages?

   Yes ____ No ____

4. If yes, we the jury assess punitive damages in the amount of $_____.


Dated this _____ day of January, 2023.


_____          _____

Foreperson                    Date

_____          _____


_____          _____


_____          _____

<u>Verdict Form I</u>

1. Has Counter Plaintiff Gary Xu proved by a preponderance of the evidence that the Counter Defendant Ao Wang intentionally inflicted emotional distress upon him?

    Yes _____  No _____


2. If yes, we the jury assess compensatory damages in the amount of  $_____.

3. If yes, do you assess punitive damages?

    Yes ____  No ____

4. If yes, we the jury assess punitive damages in the amount of $_____.


Dated this _____ day of January, 2023.



_____        _____

Foreperson                          Date

_____        _____



_____        _____



_____        _____



_____        _____

**Exhibit F: Plaintiffs' demonstrative aids**

1. Video clip for opening statement
2. PowerPoint for closing arguments