# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### Urbana Division



FILED

JAN 1 2 2023

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

XINGJIAN SUN, et al.,

        Plaintiffs,

v.

GARY GANG XU,

        Defendant.

Case No. 19-2242

## JURY INSTRUCTIONS

Members of the jury, you have seen and heard all the evidence and will hear the arguments of the attorneys.  Now I will instruct you on the law.

You have two duties as a jury.  Your first duty is to decide the facts from the evidence in the case.  This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts.  You must follow these instructions, even if you disagree with them.  Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.  Do not allow prejudice to influence you.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony.

During the trial, certain testimony was presented to you by the playing of recorded depositions. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits, or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet, or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Any notes you have taken during this trial are only aids to your memory.  The notes are not evidence.  If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference."   A jury is allowed to make reasonable inferences.   Any inference you make must be reasonable and must be based on the evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including circumstantial evidence.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

-the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

-the witness's memory;

-any interest, bias, or prejudice the witness may have;

-the witness's intelligence;

-the manner of the witness while testifying;

-and the reasonableness of the witness's testimony in light of all the evidence in the case.

It is proper for a lawyer to meet with any witness in preparation for trial.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number.  You need not accept the testimony of the larger number of witnesses.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

Certain demonstrative exhibits such as drawings and photographs have been shown to you. Those exhibits are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

You may consider statements given by a witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath that is inconsistent with his testimony here in court, you may consider the earlier statement only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

You must give separate consideration to each claim and each party in this case. Although there are two plaintiffs, it does not follow that if one prevails, any of the others also prevail. Similarly, it does not follow that if the Counter-plaintiff prevails against either of the Counter-defendants that he then prevails against the other.

When I use the expression "proximate cause," I mean any cause which, in natural or probable sequence, produced the injury complained of.  It need not be the only cause, nor the last or nearest cause.  It is sufficient if it concurs with some other cause acting at the same time, which in combination with it, causes the injury.

In this case, the Plaintiffs have raised some claims arising under federal law and other claims arising under state law. Plaintiff Xingjian "Vina" Sun has asserted two claims under federal law and two claims under Illinois state law. Plaintiff Xing "Ely" Zhao has one claim under Illinois state law.

At times, Plaintiffs' federal and state claims may be based on the same or substantially similar evidence. A violation of federal law does not necessarily mean that state law has also been violated, and vice versa. You must carefully consider the requirements for each claim and determine whether the Plaintiffs have presented sufficient evidence to separately support each claim asserted.

Sun's first claim arising under federal law is for unlawful sex trafficking under the Trafficking Victims Protection Act, 18 U.S.C. § 1591. To succeed on this claim, Sun must prove by a preponderance of the evidence the following:

(1) Xu knowingly recruited, enticed, transported, provided, obtained, and/or maintained Sun;

(2) Xu knew or recklessly disregarded the fact that force, threats of force, fraud and/or coercion would be used to cause Sun to engage in a commercial sex act; and

(3) Xu's actions were in or affecting interstate or foreign commerce.

The term "coercion" means (A) threats of serious harm to or physical restraint against any person; (B) any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to or physical restraint against any person; or (C) the abuse or threatened abuse of law or the legal process.

The term "serious harm" means any harm, whether physical or nonphysical, including psychological, financial, or reputational harm, that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing commercial sexual activity in order to avoid incurring that harm.

The term "commercial sex act" means any sex act on account of which anything of value is given to or received by any person.

22

The term "commerce" includes, among other things, travel, trade, transportation, and communication. Images transmitted or received over the Internet have moved in interstate or foreign commerce. It is for you to determine, however, if the visual depiction had been transmitted or received over the Internet.

The term "interstate commerce" means commerce between different states, territories, and possessions of the United States, including the District of Columbia.

A person "recklessly disregards" a fact within the meaning of this offense when he is aware of, but consciously or carelessly ignores facts and circumstances that would reveal the fact that force, threats of force, fraud and/or coercion would be used to cause Sun to engage in a commercial sex act.

Sun's second claim arising under federal law is for unlawful forced labor under the Trafficking Victims Protection Act, 18 U.S.C. § 1589. To succeed on this claim, Sun must prove by a preponderance of the evidence the following:

(1) Xu provided or obtained the labor or services of Sun;

(2) By any one of, or by any combination of, the following means:

   a. by means of force, threats of force, physical restraint, or threats of physical restraint to Sun or another person;

   b. by means of serious harm or threats of serious harm to Sun or another person;

   c. by means of the abuse or threatened abuse of law or legal process; or

   d. by means of any scheme, plan, or pattern intended to cause Sun to believe that if she did not perform such labor or services, she or another person would suffer serious harm or physical restraint; and

(3) Xu acted knowingly.

In considering the second element:

The term "abuse or threatened abuse of law or legal process" means the use or threatened use of a law or legal process, whether administrative, civil, or criminal, in any manner or for any purpose for which the law was not designed, in order to exert pressure on another person to cause that person to take some action or refrain from taking some action.

The term "serious harm" means any harm, whether physical or nonphysical, including psychological, financial, or reputational harm, that is

sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing labor or services in order to avoid incurring that harm.

A scheme is a plan or course of action formed with the intent to accomplish some purpose. The scheme, plan, and pattern is one that is intended to cause the person to believe that, if that person did not perform certain labor or services, the person would suffer serious harm or physical restraint.

If you find that any of the prohibited means I mentioned earlier was used, you must then determine whether such use was sufficient to cause a person of the same background and in the same circumstances as Sun to reasonably believe that she had no choice but to continue providing services for Xu.

When considering whether the labor or services performed by the person was involuntary, you are instructed that it is not a defense to the crime of forced labor that the person may have initially agreed, voluntarily, to perform the labor or services.

In considering the third element, you must find by a preponderance of evidence that Xu acted "knowingly." A person acts knowingly if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

25

Sun's first claim under Illinois state law is brought under the Illinois Gender Violence Act.   To succeed on this claim, Sun must prove by a preponderance of the evidence that Gary Xu subjected her to gender-related violence.

Gender-related violence is a form of sex discrimination made up of one or more acts of battery committed, at least in part, because Sun is a female.

Under Illinois state law, a battery is any nonconsensual touching of, or use of force against, the body of another with the intent to cause harmful or offensive contact.   For purposes of Sun's claim, an act of gender-related violence includes any nonconsensual physical intrusion or physical invasion of a sexual nature under coercive conditions, and any threat of harmful or offensive physical or sexual contact, causing Sun to have a realistic apprehension that Xu will commit the act threatened, even if no physical contact was made.

If you find that Xu committed a battery against Sun because she was female, Xu has committed gender-related violence.

Sun's second claim under Illinois state law is for involuntary servitude under the Illinois Involuntary Servitude statute.  To succeed on this claim, Sun must prove by a preponderance of the evidence the following:

Xu knowingly subjected, attempted to subject, or engaged in a conspiracy to subject Sun to labor or services obtained or maintained through any of the following means, or any combination of these means:

(1) causing or threatening to cause physical harm to any person;

(2) physically restraining or threatening to physically restrain any person;

(3) abusing or threatening to abuse the law or legal process;

(4) knowingly destroying, concealing, removing, confiscating, or possessing any actual or purported passport or other immigration document, or any other actual or purported government identification document, of another person;

(5) using intimidation, or exerting financial control over any person; or

(6) using any scheme, plan, or pattern intended to cause the person to believe that if the person did not perform the labor or services, that person or another person would suffer serious harm or physical restraint.

The term "labor" means work of economic or financial value.

The term "services" means activities resulting from a relationship between a person and the actor in which the person performs activities under the supervision of or for the benefit of the actor. Commercial sexual activity and sexually explicit performances are forms of activities that are "services" under this claim.

The term "commercial sexual activity" means any sex act on account of which anything of value is given, promised to, or received by any person.

A person commits intimidation when, with intent to cause another to perform or to omit the performance of any act, he or she communicates to another, directly or indirectly by any means, a threat to perform without lawful authority any of the following acts:

(1) Inflict physical harm on the person threatened or any other person or on property; or

(2) Subject any person to physical confinement or restraint; or

(3) Expose any person to hatred, contempt or ridicule.

Zhao's claim under Illinois state law is brought under the Illinois Gender Violence Act.   To succeed on this claim, Zhao must prove by a preponderance of the evidence that Gary Xu subjected her to gender-related violence.

Gender-related violence is a form of sex discrimination made up of one or more acts of battery committed, at least in part, because Zhao is a female.

Under Illinois state law, a battery is any nonconsensual touching of, or use of force against, the body of another with the intent to cause harmful or offensive contact.   For purposes of Zhao's claim, an act of gender-related violence includes any nonconsensual physical intrusion or physical invasion of a sexual nature under coercive conditions, and any threat of harmful or offensive physical or sexual contact causing Zhao to have a realistic apprehension that Xu will commit the act threatened, even if no physical contact was made.

If you find that Xu committed a battery against Zhao because she was female, Xu has committed gender-related violence.

As for Gary Xu's Counterclaim I against Xingjian Sun for intentional infliction of emotional distress, Xu claims that he was injured, and sustained damages and the conduct of Sun was extreme and outrageous and that Sun intended that her conduct inflict severe emotional distress or knew that there was a high probability that her conduct would cause severe emotional distress in the following respect:

> Sun communicated false statements to third parties about Gary Xu impugning his character and implying and stating outright that he had caused her physical harm thereby accusing Gary Xu of a crime in that she participated in a CBS Morning News filmed interview that was published on September 16, 2019, in which she says that Xu beat her and raped her countless times and that Xu tried to kill her by running her down with his car.

Gary Xu further claims that her conduct caused him severe emotional distress and the foregoing was a proximate cause of his injuries.

Sun admits that she made the statements claimed by Xu but denies that her statements were false or that they were extreme and outrageous. Sun further denies that she intended to cause Xu severe emotional distress or that she knew that there was a high probability that her conduct would do so.

Sun further denies that her conduct was a proximate cause of his injuries.

30

As for Gary Xu's Counterclaim II against Sun for defamation, Xu claims that he was injured, and sustained damages and the conduct of Xingjian Sun was false and defamatory in one or more of the following respects:

1. Sun published false and defamatory statements to third parties about Gary Xu impugning his character and implying and stating outright that he had raped her and caused her physical harm thereby accusing Gary Xu of a crime in that she participated in a CBS Morning News filmed interview that was published on September 16, 2019, in which she says that Xu beat her and raped her countless times and that Xu tried to kill her by running her down with his car.

Gary Xu further claims that Sun made unprivileged statements during the interview that were defamatory per se because the words used are so obviously and materially harmful to Xu that injury to his reputation may be presumed or apparent on its face as Sun's statements imputed the commission of one or more criminal offenses.

Gary Xu further claims that he was injured by Xingjian Sun's actions and the foregoing was a proximate cause of his injuries.

Xingjian Sun admits that she made the statements claimed by Xu but denies that her statements were false.

She further denies that her conduct was a proximate cause of his injuries.

As for Gary Xu's Counterclaim III of intentional infliction of emotional distress against Ao Wang, Xu claims that he was injured, and sustained damages and the conduct of Wang was extreme and outrageous in one or more of the following respects:

1. On March 12, 2018, Wang published an online post on the social media platform called Zhihu in which he cited to posts he made to another online social medial platform called Douban that was titled, "About school campus sexual assault offenders, what I saw, what I thought, what I can do." Wang posted that, "This person has a history of bad behaviors, has been sexually assaulting students for nearly 20 years, and has finally been forced to change schools." The post continues that, "This person is Xu Gang." "His English name is Gary Xu, Associate Professor of the East Asian Institute of the University of Illinois, Urbana-Champaign." The post continued that Wang had published the accusations to, "expose [Xu's] sexual harassment and threat, and use of violent measures against students for nearly 20 years." The post continued that "Friends who have suffered Xu Gang's sexual assault/sexual harassment, or anyone with information, may contact me on a voluntary basis. Let's handle this thing right." Wang's announcement further stated that he had made posts on social media platforms including Douban and Zhihu to "expose [Xu's] sexual harassment and threat, and use of violent measures against students for nearly 20 years."

2. From March 11, 2018 through March 19, 2018, Wang published posts, broadcasts, referrals, and retransmissions, mentioning repeatedly that Xu had committed "sexual assault" and "sexual harassment" of women. The posts includes statements such as, "I have known about his history of sexual assault/sexual harassment of female students for nearly 20 years, including targeting female teachers" and statements such as, "Xu Gang, why is it that you have a habit of beating people?"

3. During the same period of time, Wang retransmitted a question on the platform Zhihu, "How do you see the warning given by Professor Ao Wang teaching at Wesleyan University that Gary Gang Xu at UIUC

repeatedly committed sexual assaults?"and answered it by reposting his statements made above.

4. From March 11, 2018 through March 19, 2018, Wang reposted on the social medial platform Zhihu, the statement, "Announcement of Collecting Information regarding Xu Gang's Misconduct".

5. During the same period of time, Wang published several posts on the social medial platform Weibo which mention that Xu had committed sexual assault and sexual harassment of women. Wang further reposted his Answer stated on Zhihu and his "Announcement".

Gary Xu further claims that he was injured by Wang's actions and the foregoing was a proximate cause of his injuries.

Wang admits to writing his online statements and posts knowingly but denies that his statements were false or that they were extreme and outrageous. Wang further denies that he intended to cause Xu severe emotional distress or that he knew that there was a high probability that his conduct would do so.

Wang further denies that his conduct was a proximate cause of Xu's injuries.

Counterclaim I

In Xu's Counterclaim I, Counter-plaintiff Gary Xu claims that Counter-defendant Xingjian Sun intentionally inflicted emotional distress upon him. To succeed on this claim, Xu has the burden of proving each of the following propositions:

> First, that Xingjian Sun acted in one of the ways claimed by Gary Xu as stated to you in these instructions;
>
> Second, that Sun's conduct was extreme and outrageous. Whether conduct is extreme and outrageous depends on all the facts and circumstances. It must be so extreme in degree and outrageous in character that no reasonable person should be expected to endure it in a civilized community;
>
> Third, that Sun intended that her conduct inflict serious emotional distress or deliberately disregarded a high probability that emotional distress would follow from her conduct;
>
> Fourth, that Xu experienced severe emotional distress;
>
> Fifth, that Sun's conduct proximately caused Xu's emotional distress; and
>
> Sixth, Xu was damaged.

If you find from your consideration of all the evidence that any one of the propositions Xu is required to prove has not been proved, then your verdict shall be for Sun.

If, on the other hand, you find from your consideration of all the evidence that each of the propositions required of Xu has been proved then your verdict shall be for Xu.

34

Counterclaim II

Gary Xu has the burden of proving each of the following propositions:

First, that Xingjian Sun acted in one of the ways claimed by Gary Xu as stated to you in these instructions and that in so acting Xingjian Sun committed defamation.

Second, that Xu was damaged.

Third, that the defamation by Sun was a proximate cause of the damage to Xu.

If you find from your consideration of all the evidence that any one of the propositions Xu is required to prove has not been proved, then your verdict shall be for Sun. If, on the other hand, you find from your consideration of all the evidence that each of the propositions required of Xu has been proved then your verdict shall be for Xu.

Defamation is the publication of a false statement that tends to harm a person's reputation to the extent that it lowers that person in the eyes of the community or deters others from associating with that person.

Defamation *per se* is committed when a person makes a false statement concerning another that imputes the commission of a criminal offense, and there was an unprivileged publication of that statement to a third party. If the statement is defamatory *per se*, actual damages are presumed.

One who publishes a defamatory statement of fact is not liable if the statement is true.

Any act by which a defamatory matter is communicated to someone other than the person defamed is a publication.

Counterclaim III

In Xu's Counterclaim III, Counter-Plaintiff Gary Xu claims that Counter-Defendant Ao Wang intentionally inflicted emotional distress upon him. To succeed on this claim, Xu has the burden of proving each of the following propositions:

> First, that Ao Wang acted in one of the ways claimed by Gary Xu as stated to you in these instructions;

> Second, that Wang's conduct was extreme and outrageous. Whether conduct is extreme and outrageous depends on all the facts and circumstances. It must be so extreme in degree and outrageous in character that no reasonable person should be expected to endure it in a civilized community;

> Third, that Wang intended that his conduct inflict serious emotional distress or deliberately disregarded a high probability that emotional distress would follow from his conduct;

> Fourth, that Xu experienced severe emotional distress;

> Fifth, that Wang's conduct proximately caused Xu's emotional distress; and

> Sixth, Xu was damaged.

If you find from your consideration of all the evidence that any one of the propositions Xu is required to prove has not been proved, then your verdict shall be for Wang.

If, on the other hand, you find from your consideration of all the evidence that each of the propositions required of Xu has been proved then your verdict shall be for Xu.

If you decide for the defendant on the question of liability, then you should not consider the question of damages. Similarly, if you decide for either of the Counter-defendants on the question of liability then you should not consider the question of damages for that Counter-defendant.

If you find for any of the Plaintiffs, or for the Counter-plaintiff, you may, but are not required to, assess compensatory damages against the Defendant or any of the Counter-defendants. You may award compensatory damages only for injuries that Plaintiffs or Counter-plaintiff have proved by a preponderance of the evidence were caused by Defendant or Counter-defendants' wrongful conduct.

Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following compensatory damages, and no others:

The physical and mental/emotional pain and suffering that Plaintiffs or Counter-plaintiff have experienced and is reasonably certain to experience in the future. No evidence of the dollar value of physical or mental/emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate Plaintiffs or Counter-plaintiff for the injury he or she has sustained.

If you find for any of the Plaintiffs, or for the Counter-plaintiff, you may, but are not required to, assess punitive damages against the Defendant or any of the Counter-defendants. The purposes of punitive damages are to punish the Defendant or any of the Counter-defendants for his or her conduct and to serve as an example or warning to Defendant or any of Counter-defendants and others not to engage in similar conduct in the future.

Plaintiffs and Counter-plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against the Defendant or any of the Counter-defendants. You may assess punitive damages only if you find that the conduct of the Defendant or any of the Counter-defendants was in reckless disregard of any of the Plaintiff's rights or of the Counter-plaintiff's rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either or any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendant's or of any Counter-defendants' conduct;

- the impact of Defendant's or of Counter-defendants' conduct on the particular Plaintiff or on the Counter-plaintiff;

- the relationship between the Plaintiffs and Defendant and the Counter-plaintiff and any of the Counter-defendants;

- the likelihood that Defendant or any of the Counter-defendants would repeat the conduct if an award of punitive damages is not made;

- the relationship of any award of punitive damages to the amount of actual harm any Plaintiff or the Counter-plaintiff suffered.

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdicts have been prepared for you.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

As to Xingjian Sun's claim for sex trafficking, you should use Verdict Form A.

As to Xingjian Sun's claim for forced labor, you should use Verdict Form B.

As to Xingjian Sun's claim for gender-related violence, you should use Verdict Form C.

As to Xingjian Sun's claim for involuntary servitude, you should use Verdict Form D.

As to Xing Zhao's claim for gender-related violence you should use Verdict Form E.

As to the claim of Counter-plaintiff, Gary Xu, that Counter-defendant Xingjian Sun intentionally inflicted emotional distress upon him, you should use Verdict Form F.

As to the claim of Counter-plaintiff Gary Xu that Counter-defendant Xingjian Sun defamed him, you should use Verdict Form G.

As to the claim of Counter-plaintiff Gary Xu that Counter-defendant Ao Wang intentionally inflicted emotional distress upon him, you should use Verdict Form H.

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

## Verdict Form A

1. Has Plaintiff Xingjian Sun proved by a preponderance of the evidence that the Defendant Gary Xu committed sex trafficking?

   Yes ___ No _____

2. If yes, we the jury assess compensatory damages in the amount of $_____.

3. If yes, do you assess punitive damages?

   Yes ___ No ___

4. If yes, we the jury assess punitive damages in the amount of $_____.


Dated this ____ day of January, 2023.


_____          _____

Foreperson                    Date

_____          _____


_____          _____


_____          _____


_____          _____

## Verdict Form B

1. Has Plaintiff Xingjian Sun proved by a preponderance of the evidence that the Defendant Gary Xu committed forced labor?

    Yes _____   No _____

2. If yes, we the jury assess compensatory damages in the amount of $_____.

3. If yes, do you assess punitive damages?
    Yes ____  No ____

4. If yes, we the jury assess punitive damages in the amount of $_____.

Dated this _____ day of January, 2023.

_____          _____

Foreperson                    Date

_____          _____

_____          _____

_____          _____

_____          _____

## Verdict Form C

1. Has Plaintiff Xingjian Sun proved by a preponderance of the evidence that the Defendant Gary Xu subjected her to gender-related violence?

   Yes ____        No _____

2. If yes, we the jury assess compensatory damages in the amount of $_____.

3. If yes, do you assess punitive damages?

   Yes ___  No ___

4. If yes, we the jury assess punitive damages in the amount of $_____.

Dated this ____ day of January, 2023.

_____      _____

Foreperson              Date

_____      _____

_____      _____

_____      _____

_____      _____

## Verdict Form D

1. Has Plaintiff Xingjian Sun proved by a preponderance of the evidence that the Defendant Gary Xu committed involuntary servitude?

   Yes _____          No _____

2. If yes, we the jury assess compensatory damages in the amount of $_____.

3. If yes, do you assess punitive damages?
   Yes ____ No ____

4. If yes, we the jury assess punitive damages in the amount of $_____.

Dated this _____ day of January, 2023.


_____          _____

Foreperson                    Date

_____          _____


_____          _____


_____          _____


_____          _____

## Verdict Form E

1. Has Plaintiff Xing Zhao proved by a preponderance of the evidence that the Defendant Gary Xu subjected her to gender-related violence?

   Yes _____          No _____


2. If yes, we the jury assess compensatory damages in the amount of $_____.

3. If yes, do you assess punitive damages?

   Yes ____  No ____

4. If yes, we the jury assess punitive damages in the amount of $_____.

Dated this _____ day of January, 2023.


_____          _____

Foreperson                    Date

_____          _____


_____          _____


_____          _____


_____          _____

## Verdict Form F

1. Has Counter Plaintiff Gary Xu proved by a preponderance of the evidence that the Counter Defendant Xingjian Sun intentionally inflicted emotional distress upon him?

   Yes _____       No _____


2. If yes, we the jury assess compensatory damages in the amount of $_____.

3. If yes, do you assess punitive damages?

   Yes ____  No ____

4. If yes, we the jury assess punitive damages in the amount of $_____.

Dated this _____ day of January, 2023.


_____          _____

Foreperson                    Date

_____          _____


_____          _____


_____          _____


_____          _____

## Verdict Form G

1. Has Counter Plaintiff Gary Xu proved by a preponderance of the evidence that the Counter Defendant Xingjian Sun defamed him?

   Yes _____          No _____

2. If yes, we the jury assess compensatory damages in the amount of $_____.

3. If yes, do you assess punitive damages?

   Yes ____  No ____

4. If yes, we the jury assess punitive damages in the amount of $_____.

Dated this _____ day of January, 2023.


_____          _____

Foreperson                    Date          _____

_____          _____


_____          _____


_____          _____


_____          _____

## Verdict Form H

1. Has Counter Plaintiff Gary Xu proved by a preponderance of the evidence that the Counter Defendant Ao Wang intentionally inflicted emotional distress upon him?

   Yes _____          No _____

2. If yes, we the jury assess compensatory damages in the amount of $_____.

3. If yes, do you assess punitive damages?

   Yes ____   No ____

4. If yes, we the jury assess punitive damages in the amount of $_____.

Dated this _____ day of January, 2023.


_____          _____

Foreperson                    Date          _____


_____          _____


_____          _____


_____          _____