UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| XINGJIAN SUN, et al.,<br><br>    **Plaintiff,**<br><br>v.<br><br>GARY GANG XU,<br><br>    **Defendant.** | Case No. 19-2242 |

**ORDER**

This matter is before the Court on the Bill of Costs (#137) filed by Defendant/Counter-Plaintiff Gary Gang Xu ("Defendant"). Plaintiffs/Counter Defendants, Xingjian Sun, Xing Zhao, and Ao Wang (collectively "Plaintiffs") filed an Objection to Defendant's Bill of Costs (#144). Defendant in turn filed a Response (#146). For the reasons discussed below, Defendant's Bill of Costs (#137) is granted in part and denied in part. Costs are assessed in the total amount of $15,183.50.

**I.   Background**

The jury in this case found in favor of Defendant on all of Plaintiffs' claims and in favor of Defendant on his claims of intentional infliction of emotional distress against Plaintiffs Sun and Wang and his claim of defamation against Sun.[1] The jury assessed $100,000 in compensatory damages against Plaintiff Sun and $400,000 in compensatory damages against Plaintiff Wang. The jury further assessed $300,000 in punitive damages against Plaintiff Wang, which this Court struck in a separate order.

Defendant filed his Bill of Costs on February 9, 2023. The Bill of Costs seeks a total of $15,193.40, consisting of $14,229.40 for printed or electronically recorded

---

[1] The Court dismissed Plaintiffs' Counts II, IV, VII, VIII and IX and Defendant's Count III in ruling on the motions for summary judgment.

transcripts, $200.00 for witness fees, and $764.00 for copy fees. Plaintiffs ask the Court to reduce the amount of costs awarded as detailed below.

## II.     Legal Standard

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statue, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to a prevailing party." "There is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005).

"In order to award costs to a prevailing party, the court must determine that the expenses are allowable cost items and that the amounts are reasonable and necessary." *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 642 (7th Cir. 1991). Allowable costs in most cases are limited to the categories listed in 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987); *Republic Tobacco Co. v. N. Atl. Trading Co.*, 481 F.3d 442, 447 (7th Cir. 2007). "Costs should generally be accepted so long as they fall into one of the categories of costs statutorily authorized for reimbursement." *Horizon Hobby, Inc. v. Ripmax Ltd.*, 2009 WL 3381163, at *3 (C.D. Ill. 2009), aff'd 397 Fed. Appx. 627 (Fed. Cir. 2010).

Section 1920 provides that the following may be taxed as costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

### III.  Analysis

Plaintiffs do not contest that Defendant is the prevailing party under Fed. R. Civ. P. 54(d)(1). Instead, Plaintiffs ask the Court to reduce the costs awarded. First, Plaintiffs ask the Court to deny Defendant's request to recover costs for duplicative video depositions. Second, Plaintiffs argue that Defendant overcharged for deposition transcripts.

**a.  Video Depositions**

Defendant seeks to recover his cost for video copies of three depositions: Defendant Xu, Plaintiff Wang, and Julianne Xu (Defendant's daughter). Plaintiffs argue that because Defendant also seeks to recover costs for written transcripts of the same depositions, Defendant must make a showing that both the written transcript and the video recording are necessary and reasonable in the context of the case. 28 U.S.C. § 1920.

Plaintiffs are correct that the costs sought must be reasonable and necessary. *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 642 (7th Cir. 1991). However, the Seventh Circuit has considered this same issue and found that a prevailing party may recover the costs for both a video recording and a written transcript. *Little v. Mitsubishi Motors North America*, 514 F.3d 699, 701–02 (7th Cir. 2008) "[W]e must conclude that the rule-makers intended to allow the costs of both video-recording and stenographic transcription to be taxed to the losing party.").

Plaintiffs further argue the Court should deny the request to cover the costs for the video depositions because none of these three depositions was used during the trial. As the Seventh Circuit has stated, however, "The proper inquiry is whether the deposition was 'reasonably necessary' to the case at the time it was taken, not whether it was used in a motion or in court." *Cengr v. Fusibond Piping Systems, Inc.*, 135 F.3d 445, 455 (7th Cir. 1998).

The Court finds that the video recordings of the depositions of Defendant, Plaintiff Wang, and Ms. Xu were reasonably necessary to the case at the time they were taken. First, Plaintiffs' counsel took Defendant's deposition and asked for a video

recording. It was reasonable for Defendant to request a copy of the video deposition to have access to the materials Plaintiffs would use in their motion for summary judgment and for impeachment at trial. *See Intercontinental Great Brands LLC*, 2016 WL 316865 at *2 (N.D. Ill. April 17, 2007).

Second, it was reasonable for Defendant to obtain the video of Defendant's daughter, Ms. Xu. Plaintiffs also sought Ms. Xu's deposition and included her on their list of witnesses in the Final Pretrial Order. Defendant reasonably obtained a video copy of the deposition to prepare for her testimony.

Third, Defendant's decision to obtain a video copy of Plaintiff Wang's deposition was reasonable despite Wang being available to testify in-person. Wang is a party to this case, and his testimony at the deposition was critical to Defendant's preparation for trial. While Plaintiff might feel that Defendant could have chosen to just obtain the written transcript, "The Seventh Circuit has expressly held courts should not resolve arguments the losing party makes regarding the winning party's strategy and how it could have reduced costs." *Cohen-Chaney v. Nat'l R.R. Passenger Corp.*, 2012 WL 3579881, at *2 (S.D. Ind. Aug. 17, 2012) (citing *Extra Equipamentos E Exportacacao Ltda. v. Case Corp.*, 541 F.3d 719, 727 (7th Cir. 2008).

The Court finds that the video copies of Defendant Xu, Plaintiff Wang, and Ms. Xu's depositions were reasonably necessary and therefore awards these costs.

**b. Transcript Fees**

Plaintiffs argue that Defendant overcharged for the deposition transcripts of Dr. Drew Barzman and Wen Wu. Plaintiffs' Opposition further notes that for some transcripts, they were unable to determine whether the maximum rate was exceeded because of the way defense counsel billed its costs.

The maximum per page rate for depositions was set by the Judicial Conference of the United States Courts at $3.65 per page. The Central District of Illinois adopted that rate by General Order in 2018 (General Order 18-02, April 3, 2018). When enforcing this rate, courts have considered which party arranged for the deposition and court reporter. When the prevailing party has no control over the prices charged by a reporter

hired by the opposing party, the court has allowed the prevailing party to recover its actual cost. *See Chicago Bd. Options Exch., Inc. v. Int'l Sec. Exch., LLC*, 2014 WL 125937, at *2.

For the transcript of Dr. Barzman's deposition, Defendant agrees that the per page cost exceeds the maximum rate. Defendant reduced his claim for recovery of these costs from $320.80 to $310.90.

Plaintiff arranged for the deposition of Wen Wu and hired the Court reporter who determined the rate. Accordingly, Defendant had not control over the price charged, so Defendant can recover his actual costs for Wu's transcript.

As noted, Plaintiffs argue that they were unable to determine the per page cost for some of the remaining transcripts. In his response, Defendant notes that each of these remaining depositions were arranged by Plaintiff and invoiced from the reporting service Plaintiff chose. Because of this, the Court declines Plaintiffs' request for Defendant to revise its Bill of Costs to provide a per page breakdown.

For these reasons, the Court reduces Defendant's costs from $15,193.40 to $15,183.50. Defendant is awarded costs in the amount of $15,183.50.

ENTERED this 26th day of April, 2023.

                                              s/ERIC I. LONG
                                      UNITED STATES MAGISTRATE JUDGE